EDWARD B. ASHTON, Respondent, *v.* BAKER MANUFACTURING CORPORATION and Others, Appellants.

Third Department, September 28, 1923.

Depositions — examination of proposed defendants for purpose of framing complaint — order will not be granted under Civil Practice Act, § 295, and Rules of Civil Practice, rule 122, unless plaintiff has meritorious cause of action — cause of action not shown.

An order for the examination of proposed defendants in an action to be brought against them should not be granted under section 295 of the Civil Practice Act and rule 122 of the Rules of Civil Practice for the purpose of enabling the plaintiff to frame his complaint unless he shows a meritorious cause of action, for until that is shown it cannot be determined that the taking of the testimony is necessary for the protection of his rights or that the testimony is material for the plaintiff to frame his complaint.

The plaintiff herein does not make out a meritorious cause of action by showing that he agreed with the defendants to purchase certain property for them at a bankruptcy sale and that thereafter one of the defendants agreed that if the plaintiff would convey the property purchased to a corporation to be formed, the plaintiff would be given a certain percentage of stock in the new corporation. An action cannot be based on this latter promise, since it was without consideration.

APPEAL by the defendants, Baker Manufacturing Corporation and others, from an order of the Supreme Court, made at the Montgomery Special Term and entered in the office of the clerk of the county of Saratoga on the 13th day of June, 1923, granting plaintiff's motion for the examination of the defendants Fred H. Baker and Will W. Blackmer before trial for the purpose of framing a complaint.

*Leary & Fullerton* [*Walter A. Fullerton* of counsel], for the appellants.

*Edgar T. Brackett* [*Sheridan P. Wait* of counsel], for the respondent.

VAN KIRK, J.:

Upon an application made by Edward B. Ashton, in an action in which he is, or is to be, plaintiff, and in which the Baker Manufacturing Corporation, Will W. Blackmer, Fred H. Baker, with other unknown persons, are to be defendants, for an order directing that the depositions of Baker and Blackmer be taken before trial for the purpose of framing a complaint, it is ordered that they appear before a referee named " for examination as to the identity of the officers, directors and stockholders of the Baker Manufacturing Corporation, and as to the identity of their associates and principal or principals in their dealings with the plaintiff herein with reference to acquiring the property of the George F. Shevlin Manufacturing Company." The only statement of facts showing good faith in the application, or that the plaintiff has a meritorious cause of action, is contained in the affidavit of Ashton.

Section 295 of the Civil Practice Act provides: "Testimony which is material to an expected party in the prosecution or defense of an action about to be brought in a court of record may be taken at his instance, by deposition, if the taking or preservation thereof is necessary for the protection of his rights. Such testimony may be taken only in pursuance of an order of a court in which the action may be brought, or a judge thereof." Rule 122 of the Rules of Civil Practice provides: "If a party desire to take the deposition of an adverse party or a witness to obtain information to enable him to draw a complaint, he shall apply for an order, or if he shall apply for an order to take testimony by deposition under any provision of article twenty-nine of the Civil Practice Act, he must present proof by affidavit that statutory grounds exist for taking the same; that the testimony of such person is material and necessary for the party making such application, or the prosecution or defense of such action."

Until it is shown that the plaintiff has a meritorious cause of action, it cannot be determined that the taking of the testimony is necessary for the protection of his rights, or that the testimony of the witness is material for the plaintiff to frame his complaint, or to determine the names of the defendants. The affidavit in this case does not show reasonable grounds to believe that the plaintiff has a meritorious cause of action. He agreed at Blackmer's request to attend the bankruptcy sale and purchase the property for Blackmer and his associates. He was bound in good faith, having so purchased the property, to convey to Blackmer and his associates, upon request and without conditions. After he made the purchase, he says that Blackmer proposed that a corporation be formed, to which Ashton should convey the property purchased and that Ashton be made president; that Ashton replied that he consented if he were given a fixed percentage of the stock of the corporation, to which Blackmer agreed but Ashton was never given the stock. This was but a naked promise. Ashton agreed to do that only which he was in good faith bound to do, namely, convey the property to Blackmer and his associates and Blackmer's alleged promise to give Ashton a fixed percentage of the stock was without consideration.

The order should, therefore, be reversed, with costs.

COCHRANE, P. J., H. T. KELLOGG, HASBROUCK and McCANN, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.