CREAN et al. v. M. MORAN TRANSP. LINES, Inc.

No. 1335.

District Court, W. D. New York.

May 3, 1943.

Israel Rumizen, of Buffalo, N. Y., for plaintiffs.

Mortimer Allen Sullivan, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

These are cross-motions. The defendant moves for dismissal of the complaint for failure to state a cause of action and also for summary judgment. (Affidavits in support thereof and opposed submitted). Plaintiffs move to make more definite and certain the first separate defense and also to strike the second separate defense.

Defendant's motions involve similar questions of fact and law and are treated herein together.

The action is brought by employees under the Wage and Hour Act, 29 U.S.C.A. § 201 et seq., to recover extra compensation for alleged overtime employment by defendant and the answer sets up a denial and pleads "the exemptions contained in Section 13 of such Act" and also pleads that the causes are res adjudicata as to 18 plaintiffs.

Section 13(b) (1) exempts from the maximum hours provision of sections 6 and 7 as follows: "Any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of Section 204 of the Motor Carrier Act of 1935 * * *."

In construing the above exemption, the Supreme Court in United States v. American Trucking Ass'ns, May, 1940, 310 U.S. 534, at page 553, 60 S.Ct. 1059, at page 1069, 84 L.Ed. 1345, rejected the contention that it applied to all employees of motor carriers subject to the act, and held: "Our conclusion * * * is that the meaning of employees in Section 204(a) (1) and (2) [49 U.S.C.A. § 304(a) (1, 2)] is limited to those employees whose activities affect the safety of operation. The Commission has no jurisdiction to regulate the qualifications or hours of service of any others."

The defendant contends that the complaint alone or taken with the moving affidavits shows that the plaintiffs are employees "whose activities affect the safety of operation" and are within the exemption of Section 13(b) (1).

The complaint alleges employment at defendant's trucking terminal, various plaintiffs having the duties to take freight from incoming trucks and place it upon a

handcart, during the process of which a second type of plaintiff would check against shipping documents and then a third group of plaintiffs would move the freight on handcarts, as directed by the second type, often to outgoing trucks where they would place the freight under the direction of an employee called in the complaint a "stower." A certain few plaintiffs allege that they were engaged in other different activities.

By a moving affidavit plaintiffs have further amplified their allegations to show that they work in groups of 5, one of whom unloads and places freight on a handcart, three of whom wheel the handcarts to the position pointed out by the fifth member who merely checks freight against office documents and generally indicates where the three are to deposit the freight. If directed to place freight in an outgoing truck, the three do not use discretion but only place freight where directed by a "stower" who is there to supervise loading. (None of the plaintiffs classify themselves as "stowers".)

Defendant by moving affidavits alleges that the members of the group exercise discretion in the safe loading of the trucks, but it is noted that the plaintiffs' moving affidavits effectively deny this.

In Ex Parte No. M.C. 2, decided March 4, 1941, the Interstate Commerce Commission, having considered the rule set forth in United States v. American Trucking Ass'ns, supra, and having taken evidence from carriers and labor representatives, made findings of fact and conclusions of law with respect to various types of carriers. It generally ruled that its jurisdiction is limited to those employees who devote a substantial part of their time to activities which directly affect the safety of operations of motor vehicles in interstate commerce. The commission found that certain employees prepared for operation and operated the vehicle, to wit: (1) mechanics and garage workers (2) loaders (3) dispatchers (4) drivers (5) helpers and further found that mechanics, loaders and helpers, as well as drivers, devote a large part of their time to activities affecting the safety of operations and ruled that they had power to establish qualifications and maximum hours of service over them. The commission further found that "loaders" were employees of large carriers whose "sole duties are to load and unload motor vehicles and transfer freight between motor vehicles and between the vehicles and the warehouse." The commission also found that proper loading, the placing and distribution of weight in the truck, affects the safe operation.

The interpretation by the Interstate Commerce Commission is entitled to great weight. United States v. American Trucking Ass'ns, supra.

The complaint alone or viewed with the moving affidavits presents a set of facts that straddles those found by the Commission. The great majority of the plaintiffs appear by their allegations to be members of a team of dockmen acting only in a common labor capacity and always under supervision when their activities approach affecting the safety of operations. Although the moving affidavits of the defendant take issue with the above, it is to be recalled that the question presented by defendant's motion to dismiss for failure to state a cause of action is addressed to the complaint alone, while the question presented by its motion for summary judgment, although addressed also to the moving affidavits, must be resolved in favor of the plaintiff if an inspection discloses that a justiciable issue results. It is noted from a study of the complaint and moving affidavits that a cause of action is stated and that both sides are at issue as to the duties and activities of many of the plaintiffs. It is my opinion that the moving papers do not necessarily disclose employees "whose activities affect the safety of operation" within the rule of United States v. American Trucking Ass'ns, supra, or "who devote a substantial part of their time to activities which directly affect the safety of operation of motor vehicles," within the rule of the commission in Ex parte No. M.C. 2, supra.

Both of defendant's motions are addressed to the complaint in its entirety and no partial attack is made against any one of the numerous causes of action alleged. While it appears very doubtful that the causes of action of the plaintiffs who are "city drivers", "laborers" and "yardmen" in the complaint would suffice against proper direct attack, no ruling is made on these questions at this time because defendant has seen fit to attack only the complaint as a unit.

Defendant also contends in support of its motion for summary judgment that plaintiffs should be estopped from claim. The affidavits allege that the plain-

tiffs are former striking employees who forced the defendant to execute a contract which they are now seeking to exceed. Without deciding whether or not the alleged activities could give rise to an estoppel, it is held that defendant's contention is not well taken in view of the fact that the facts neither appear affirmatively from the complaint nor are they pleaded as yet as a defense.

The plaintiffs are entitled to go to proof at a trial.

 Plaintiffs' cross-motions are well taken. The first is to require the defendant to make more definite and certain the defensive plea of "the exemptions" contained in Section 13 of the Act. Section 13 has 14 subdivisions. While an inspection of Section 13 makes manifest the probable subdivision relied on by defendant and the arguments to date bear this out, a direct motion towards this defect should be granted, both in respect to the subdivision or subdivisions relied on and as to which (if not all) of the plaintiffs it is set forth as a defense.

Plaintiffs' second motion is to strike the defense of res adjudicata interposed with respect to all but two plaintiffs. Defendant has submitted a copy of the record of the former proceedings in the Supreme Court, Erie County, New York State. This record discloses a proceeding under Article 29 of the New York Civil Practice Act brought for an examination of defendant's officers for the purpose of framing a complaint. Such an order is granted on notice and only if the moving papers show a meritorious cause of action. Ashton v. Baker Mfg. Corp., 206 App.Div. 343, 201 N.Y.S. 259. The Erie County Supreme Court denied these plaintiffs' application on the ground that no meritorious cause of action was shown. No case has been cited by defendant that such summary disposition by a court without any final jurisdiction on the merits could constitute a final bar to further process. A simple reading of Section 295 of the New York Civil Practice Act leads to the opposite conclusion. Under it the Supreme Court had jurisdiction only to decide whether these plaintiffs were entitled to an examination before beginning their action.

The policy of the law has always been to grant contestants a full day in court before putting an end to further litigation on the same facts. To hold that the denial of the preliminary relief sought between these parties constitutes a full day in court is certainly not in accord with recognized ideas of judicial policy. See Bannon v. Bannon, 1942, 270 N.Y. 484, 1 N.E.2d 975, 105 A.L.R. 1401; and "Collateral Estoppel by Judgment" Scott, 56 Harvard Law Review pp. 18–22. The defense is insufficient in law.

Defendant's motions are denied.

Plaintiffs' motions are granted.