**CREAN et al. v. M. MORAN TRANSPORTATION LINES, Inc., et al.**
**Civ. No. 1335.**

District Court, W. D. New York.

Feb. 21, 1944.

Israel Rumizen, of Buffalo, N. Y., for plaintiffs.

Mortimer Allen Sullivan, of Buffalo, N. Y., for defendants.

KNIGHT, District Judge.

This suit is brought to recover overtime compensation under Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b), known as the Wage and Hour Law. It is alleged that the plaintiffs worked for defendant, M. Moran Transportation Lines, Inc., a common carrier by motor vehicle, in various capacities, such as checkers, breakers or callers, wheelers, stowers, city drivers and laborers, and that they worked in excess of the maximum number of hours fixed by law. Defendants have denied the allegations to the complaint and plead, among other defenses, that the employment of the plaintiffs comes within the exemptions set out in said Act. It was agreed among the parties that the court should first pass on the question of such exemption. A very considerable amount of the testimony was offered touching the nature of the employment of the plaintiffs, and at the conclusion of the taking thereof the defendants moved for a non-suit and a dismissal of the complaint upon the merits. Certain other details of the matters here involved are stated in a prior decision by this court reported in 50 F.Supp. 107.

Section 7(a) (3) of the Fair Labor Standards Act, 29 U.S.C.A. § 207(a) (3), fixes the period of a work-week and provides the rate of compensation for employment in excess of the hours of a work-week, but it also states that these provisions are applicable "except as otherwise provided in this section," and Section 13 (b) (1) of the Act, 29 U.S.C.A. § 213(b) (1), states that the aforesaid Section 7 shall not apply "to any employee with respect to whom Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 204 of the Motor Carrier Act of 1935."

The Supreme Court has held that "The meaning of employees in Section 204 (a) (1) and (2) is limited to those employees whose activities affect the safety of operation." United States v. American Trucking Ass'n, Inc., 310 U.S. 534, 60 S. Ct. 1059, 1069, 84 L.Ed. 1345. This decision was preceded by holdings to the same effect by the Interstate Commerce Commission and Wage and Hour Division of the Department of Labor. Ex parte No. M C-2, 3 M.C.C. 665; Ex parte No. M C-28, 13 M.C.C. 481; Interpretive Bulletin No. 9 Wage and Hour Manual 1940, 168.

It is apparent that the question presented here is whether the activities of the plaintiffs "affect the safety of operation" of motor vehicles. Concededly during the periods in question the defendant, M. Moran Transportation Lines, Inc., was the owner of a large number of motortrucks, with its principal location in Buffalo, Erie County, New York, and was engaged in the transportation for hire of large volumes and varieties of freight, both intra and interstate. Associated Transport, Inc. is a co-defendant by virtue of being a successor to the M. Moran Transportation Lines, Inc. and by reason of its having assumed the liabilities of its assignor.

In support of this motion, the defendants first contend that the burden of the proof rests with the plaintiffs to show that it comes within the exemption made in Section 7, supra, and second, if the court does not so find, that it affirmatively appears that the plaintiffs come within such exemption.

The ordinary rule is that "one who will bring himself within the exemption must offer evidence to do so." Hill v. Smith, 260 U.S. 592, 43 S.Ct. 219, 220, 67 L.Ed. 419, and cases cited. In Helena Glendale Ferry Co. v. Walling, 8 Cir., 132 F.2d 616, 619, which concerned exemptions claimed from the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., it was said that "Those asserting in reference to any employee, an exemption under the Act, must establish the exemption as being both within the spirit and the letter of the statute." Consolidated Timber Co. v. Womack, 9 Cir., 132 F.2d 101, 106, held: "It is elementary, of course, that the Act (Fair Labor Standards Act of 1938) is remedial and persons claiming to come within the exemptions therein must bring themselves within both the letter and the spirit of the exemptions which are subject to a strict construction." Vide also: Bowie v. Gonzalez, 1 Cir., 117 F.2d 11: Fleming v. Hawkeye Pearl Button Co., 8 Cir., 113 F.2d 52.

United States v. Cook, 17 Wall. 168, 173, 84 U.S. 168, 21 L.Ed. 538, upon which the defendants place their main reliance on this point, presents an entirely different situation. There defendant was charged by indictment with a crime. It was contended that the indictment was faulty in that it did not allege that the crime charged came within the exception to the limitation statute. The limitation statute provided "nothing herein contained shall extend to any person or persons fleeing from justice." 1 Stat. 119, § 32. The limitation statute was an entirely separate act from the one defining the crime charged. The rule there applied was that if the offense charged is so included that "the ingredients of the offence cannot be accurately and clearly described" if the exception is omitted, the pleading must allege sufficient to show that an accused is not within the exception; otherwise not. United States v. English, 5 Cir., 139 F.2d 885, 886, involved a criminal charge of operating a motor vehicle without having obtained a certificate of convenience and necessity. Assuming that the general language of the majority opinion seems to give some support to defendants' claim, it will be noted that Section 306 (a) of Title 49 there under consideration bears no comparison with Section 7, supra, and further the court said the exceptions "are so bound with the offense defined that the essential ingredients thereof may not adequately be described without a negation of them." While the opinion speaks of exceptions, as said in a concurring opinion, there was only one exception, though there were

several limitation provisos. Ispass et al. v. Pyramid Motor Freight Corp., D.C.S.D. N.Y., 54 F.Supp. 565, Fee, District Judge, is, of course, not controlling, and the procedure adopted finds little precedent. Further it seems this question would impose extra legal determination.

The defendants in answering allege that the employees in question come within the exception made in Section 7, supra. It is my view that the burden in that respect lies with the defendants. However, in view of my determination herein it seems to me that it is now unnecessary to pass on this question. Whether these employees are exempted from the provisions of the Wage and Hour Act, obviously, depends on the nature of their work or employment. When that is determined, the question of the application of the applicable statute is determined.

■ We are not here asked to pass on disputed questions of fact. We are to say whether there is believable evidence that these plaintiffs were engaged in employment which was not concerned with safety of operation of motortrucks. A close question arose in the construction by the courts of the authority of the Interstate Commerce Commission as to whether the three-judge court, American Trucking Ass'ns v. United States, D.C., 31 F.Supp. 35, with one dissent, holding that the Motor Carrier Act of 1935 required the Interstate Commerce Commission to prescribe qualifications and maximum hours of service, imposed a duty as to all employees, exclusive of executive officials and lawyers, while the Supreme Court, dividing 5 to 4, held the authority was limited to such as those whose employment affected safety in operation. United States v. American Trucking Ass'ns, supra. From both decisions it seems clear no narrow construction of the meaning of employees engaged in employment affecting safety of operation was intended.

In the defendants' brief considerable space is devoted to the presentation of the question of the violation of the rules governing the transportation of explosives and dangerous articles as bearing upon the question of safety of operation. With respect to the evidence upon this question, as it is now presented, it appears to the court that this is sufficient to show only an incidental employment of any of the plaintiffs in the transportation of such explosives. Upon these motions we take the testimony as it is, but it may well be assumed that the defendants are in a position to offer testimony to show the nature and extent of the activities of any employees in this connection.

It is urged by the defendants that the refusal to grant a non-suit and dismissal of the complaint will lend encouragement to the institution of many similar suits by many employees in many companies engaged in transportation by motortrucks in interstate commerce. It seems to me that a final determination in this case as to the nature of the activities of these several types of employees will go far to either prevent suits or lead to settlements or adjustments as between employer and employee.

■ In the proceeding thus far numerous affidavits and extensive briefs have been submitted. The nature and character of the work done by these employees has purportedly been given in great detail. The defendants have submitted two letters written by a Director of the Interstate Commerce Commission to the attorney for the plaintiffs in reply to a request for his opinion as to whether certain types of employees of those of the type presented here do or do not come under the authority of the Commission. These letters, of course, have no binding force on the court, and at the most they are only repetitious of the holding of the Commission in three separate decisions. These decisions should have force as coming from an authorized source and as from one such specially qualified to pass on questions similar to those here. But whether these plaintiffs are wheelers, breakers or checkers, etc., depends not on what may be called, but upon what one in the employment is called on to perform, and again it may depend on the extent to which he is called on to perform at certain work. Of course, these employees are to be considered from the standpoint of the rule declared by the Supreme Court. It seems clear that any one of these employees may have been engaged in service affecting safety of transporation, but as the evidence now stands the checkers have testified, in effect, that their duties practically entirely were in checking freight in and out of trucks; that the breakers or callers only operations in the trucks were in calling in-bound loads and the loaders simply wheeled the load into and from trucks and that all distribution or locating was done by the foreman

or storer. This is only a general statement of the record and it is true that there is some conflict in their testimony. We are aware that the plaintiffs must establish their causes by a fair preponderance of the evidence, but as the proofs now stand I believe that the burden in this respect is met. We have here only under consideration the testimony offered by or on behalf of the plaintiffs.

The motions to dismiss must be denied, and the defendants will proceed to their proofs relative to the issues above considered.