FOURTH DEPARTMENT, DECEMBER, 1955

(December 29, 1955)

■ KENNETH CORBIN, Respondent, v. NIAGARA JUNCTION RAILWAY COMPANY, Appellant.— Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs, without prejudice to the right of the plaintiff to make another motion upon proper papers, if so advised. Memorandum: Plaintiff's affidavit in support of his motion to be allowed to examine the defendant to obtain information to enable him to draw a complaint is insufficient to establish that he has any palpable cause of action against the defendant. The affidavit does not state how or when the accident occurred nor does it state his relationship to the defendant. A conclusory statement unsupported by any allegation of fact that plaintiff's injuries resulted from the negligence of the defendant is not sufficient (see *Kenerson* v. *Davis*, 278 App. Div. 482; *Beikirch* v. *Loebs*, 243 App. Div. 859; *Ashton* v. *Baker Mfg. Corp.*, 206 App. Div. 343). The order appealed from should, therefore, be reversed and the motion denied, without prejudice, however, to the plaintiff's right to bring another motion upon proper papers. All concur. (Appeal from an order of Niagara Special Term granting plaintiff's motion to examine defendant for the purpose of framing a complaint.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

■ PATSY DESTITO et al., Doing Business as SAVOY RESTAURANT, Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 28030.) — Judgment reversed on the law and facts and claim dismissed, without costs of this appeal to any party. Certain findings of fact disapproved and reversed and new findings made. Memorandum: An examination of the record in the instant case, and re-examination of the record in *Iodice* v. *State of New York* (277 App. Div. 647, affd. 303 N. Y. 740) disclose no material different situation or existing conditions. In our judgment, the decision in the latter case cited, as there stated and found, is decisive of the theories, arguments and conclusions advanced in the instant case. All concur. (Appeal from a judgment of Court of Claims for claimants on a claim for damages to claimants' property alleged to have been caused by negligent regulation of Delta Dam.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ. [207 Misc. 493.]