ELIZA K. LEMAN *vs.* EDWARD F. LOCKE.

Suffolk.    November 8, 1921. — March 3, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Bankruptcy,* Discharge. *Husband and Wife,* Separate maintenance. *Judgment.*

In January, 1902, a judgment for $580.10 damages and costs was obtained against a husband in an action with a declaration upon an account annexed containing items amounting in the aggregate to $1,545.42, for board of the defendant's wife for two hundred and eight weeks, clothing and medicine furnished her, cash paid a nurse for her, board of the nurse and "board of child." On March 5, 1902, the defendant was adjudicated a bankrupt. On March 20 the plaintiff proved the claim upon the judgment in the bankruptcy proceedings and on January 16, 1903, objected to the defendant's discharge in bankruptcy. On May 12, 1903, the defendant received a discharge in bankruptcy. On January 3, 1921, the plaintiff brought a new action upon the judgment, to which the defendant pleaded his discharge in bankruptcy. The new action was heard by a judge without a jury, who, having found and ruled that the judgment sued on "was not one for maintenance within the meaning of" § 5 of the amendment of 1903 to the national bankruptcy act, that that "act did not apply to the plaintiff's claim," that "the judgment was a provable claim and was so considered and acted upon by the plaintiff," found for the defendant. *Held,* that the findings, in so far as they were upon issues of fact, were warranted and that the rulings were correct.

CONTRACT for $595.44 and interest upon a judgment obtained by the plaintiff against the defendant on January 10, 1902, in the Municipal Court of the City of Boston. Writ dated January 3, 1921.

The defendant set up a discharge of the defendant in bankruptcy dated May 12, 1903, following his adjudication as a bankrupt on March 5, 1902.

At the hearing of the action in the Superior Court before *Morton,* J., without a jury, it appeared that the judgment for $595.44 ($580.10 damages and $15.34 costs) was obtained in an

action in which the declaration was upon an account annexed
containing the following items:

"To board of [defendant's] wife, Maude E. Locke, from
　December 27, 1895 to December 27, 1899.　208 weeks
　at $5.00 . . . . . . . . . . . . . . . . . . . $1,040.00
"Clothing and medicine furnished wife . . . . . . . 　73.28
"To cash paid to nurse for wife . . . . . . . . . . 　10.00
"To board of nurse for wife during confinement . . . 　10.00
"To board of wife during confinement extra, 4 weeks
　at $5.00 . . . . . . . . . . . . . . . . . . . 　20.00
"To medicine and clothing furnished Hortense D.
　Locke, child of defendant from May 1, 1896 to
　December 31, 1899 . . . . . . . . . . . . . . 　42.40
"To board of child, Hortense D. Locke from June 4,
　1898 to December 31, 1899.　82 weeks at $2.50 . . 　205.00
　　　　　　　　　　　　　　　　　　　　　　$1,400.68
"Interest on foregoing items from January 1, 1900,
　when demand for same was made to date of writ,
　1 year, 8 months, and 20 days at 6% . . . . . . 　144.74
　　　　　　　　　　　　　　　　　　　　　　$1,545.42"

On March 20, 1902, the plaintiff proved a claim in the defend-
ant's bankruptcy proceedings upon the judgment which is the
basis of this action, and on January 16, 1903, objected to the
defendant's discharge.　The defendant nevertheless was dis-
charged on May 12, 1903.

The trial judge found and ruled "The judgment was not one
for maintenance within the meaning of the amendment of act of
1903, and said act did not apply to plaintiff's claim.　U. S. St.
1903, § 19.　Under the U. S. St. of 1898, c. 541, § 63, the judg-
ment was a provable claim and was so considered and acted upon
by the plaintiff."

The judge found for the defendant and reported the action for
determination by this court.

Section 17 of the national bankruptcy act of 1898 was as
follows: "A discharge in bankruptcy shall release a bankrupt
from all of his provable debts, except such as (1) are due as a
tax levied by the United States, the State, county, district, or
municipality in which he resides; (2) are judgments in actions
for frauds, or obtaining money by false pretenses or false repre-

sentations, or for wilful and malicious injuries to the person or property of another; (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; or (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity."

Section 63 of that statute was as follows:

"a Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest; (2) due as costs taxable against an involuntary bankrupt who was at the time of the filing of the petition against him plaintiff in a cause of action which would pass to the trustee and which the trustee declines to prosecute after notice; (3) founded upon a claim for taxable costs incurred in good faith by a creditor before the filing of the petition in an action to recover a provable debt; (4) founded upon an open account, or upon a contract express or implied; and (5) founded upon provable debts reduced to judgments after the filing of the petition and before the consideration of the bankrupt's application for a discharge, less costs incurred and interests accrued after the filing of the petition and up to the time of the entry of such judgments.

"b Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against his estate."

Section 19 of the amendment of 1903 added among claims not subject to a discharge the following: "or for alimony due or to become due, or for maintenance or support of wife or child, or for seduction of an unmarried female."

The case was submitted on briefs.

*S. J. Freedman,* for the plaintiff.

*J. H. Casey & F. J. Muldoon,* for the defendant.

BRALEY, J. It is true as the plaintiff contends that the nature

and character of an original debt provable in bankruptcy is not changed by merger in a judgment. *Boynton* v. *Ball*, 121 U. S. 457, 466. *Savage* v. *Shaw*, 195 Mass. 571. *Attorney General* v. *American Legion of Honor*, 196 Mass. 151, 158. *Brown* v. *Hannagan*, 210 Mass. 246, 248. And in *Audubon* v. *Shufeldt*, 181 U. S. 575, it was held that a discharge in bankruptcy does not bar collection of arrears of alimony and allowance for support of wife and minor children accrued under a decree for divorce. This case was followed in *Wetmore* v. *Markoe*, 196 U. S. 68, which decided that the amendatory act of 1903, 32 U. S. Sts. at Large, 798, § 5, excepting from the effect of a discharge in bankruptcy a decree for alimony due or to become due for the maintenance and support of the wife and minor children, while it did not apply to prior cases, was merely declaratory of the true meaning of § 63 of the act of 1898, 30 U. S. Sts. at Large, 562, c. 541, U. S. Comp. Sts. (1901) 3447. See *In re Williams*, 208 N. Y. 32, 38. But, even if the items on which the plaintiff recovered judgment appear in the record, the original action was in contract to recover for a debt resting upon an express or implied promise at common law. The question, whether, notwithstanding the judgment, the discharge would be effective if suit had been brought on the original cause of action, is not presented by the record. See *Dunbar* v. *Dunbar*, 190 U. S. 340. The judgment was proved in bankruptcy, where the plaintiff was heard in opposition to the bankrupt's discharge, and the present action, which declares on the judgment in an action of contract within twenty years after it was rendered, is expressly authorized by R. L. c. 177, § 19 (see now G. L. c. 235, § 19). *Linton* v. *Hurley*, 114 Mass. 76. We are therefore of opinion that the judge was warranted in finding in so far as the question was an issue of fact, that the judgment was not a judgment for maintenance within the meaning of the amendment, and correctly ruled that the amendment did not apply to the plaintiff's claim, and that, the judgment having been a provable claim "and was so considered and acted upon by the plaintiff," the action was barred by the bankrupt's discharge. U. S. St. 1898, c. 541, § 63. See *Cotting* v. *Hooper, Lewis & Co. Inc.* 220 Mass. 273, 275.

Judgment is to be entered for the defendant, and it is

*So ordered.*