## HILL ET AL., EXECUTORS OF HILL, *v.* SMITH.

### CERTIORARI TO THE SUPERIOR COURT OF THE STATE OF MASSACHUSETTS.

No. 164. Argued January 3, 1923.—Decided January 15, 1923.

1. A federal question which was treated as open, and decided, by the State Supreme Court, will be reviewed here without inquiring whether its federal character was adequately called to the attention of the state trial court.  P. 594.
2. A question of burden of proof may amount to a federal question when intimately involving substantive rights under a federal statute.  P. 594.

3. The burden of proof is one thing and the necessity of producing evidence to meet that already produced another. . P. 594.

4. A creditor who would avoid the effect of a discharge under the Bankruptcy Act upon the ground that the debt was not scheduled, with his name, must prove himself within that exception, and the debtor who would excuse the omission of the creditor's name upon the ground that the creditor had notice or actual knowledge of the bankruptcy proceedings must prove himself within that exception to the exception. P. 594.

232 Mass. 188, affirmed.

CERTIORARI to a judgment of the Superior Court of Massachusetts, entered on a finding for the plaintiff made subject to exceptions, which were overruled by the Supreme Judicial Court, in an action on a judgment.

*Mr. George S. Fuller,* with whom *Mr. Edward E. Blodgett* and *Mr. Irving F. Carpenter* were on the brief, for petitioners.

*Mr. Edward F. McClennen,* with whom *Mr. Allison L. Newton* was on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit upon a judgment. The defendant, Warren H. Hill, pleaded a discharge in bankruptcy. Subsequently he died and his executors, the petitioners, took his place. There was a trial before a judge without a jury. The plaintiff introduced proof that the judgment was unsatisfied and rested. The defendants proved the discharge and rested. In rebuttal the plaintiff introduced the schedules of creditors in bankruptcy of Hill in which schedules the plaintiff's name did not appear. The defendants asked for rulings that the burden was upon the plaintiff to show that he was not notified of the defendant's bankruptcy and that he had no knowledge of it.

These were refused subject to exceptions and the Court found for the plaintiff. The exceptions were overruled by the Supreme Judicial Court and judgment was entered upon the finding. 232 Mass. 188. A writ of certiorari was allowed by this Court.

It is argued for the respondent that there is no jurisdiction in this Court because the attention of the trial judge was not called specifically to the Bankruptcy Act as a ground for the rulings asked, and because, even if it had been, it is said, the burden of proof is to be determined by the practice of the State. As we are of opinion that the judgment was right we shall not discuss these objections at length. We deem it enough to say, as to the first, that the appellate Court treated the question as open and decided it; and as to the second that here as in *Central Vermont Ry. Co.* v. *White*, 238 U. S. 507, though perhaps in a somewhat less intimate and obvious way, the burden of proof is so connected with the substantive rights given to the respective parties by the statute—indeed so flows from the words of the statute—that the ruling upon it may be reviewed here.

The merits were fully and adequately discussed by the Supreme Judicial Court. In order to dispose of them it will not be necessary to repeat the distinction, familiar in Massachusetts since the time of Chief Justice Shaw, *Powers* v. *Russell*, 13 Pick. 69, and elaborated in the opinion below, between the burden of proof and the necessity of producing evidence to meet that already produced. The distinction is now very generally accepted, although often blurred by careless speech. Thayer, Preliminary Treatise on Evidence, c. 9.—The Bankruptcy Act of July 1, 1898, c. 541, § 17a(3), 30 Stat. 550, amended, Act of Feburary 5, 1903, c. 487, § 5, 32 Stat. 798, provides that a discharge " shall release a bankrupt from all of his provable debts, xcept such as . . . (3) have not been duly scheduled in time for proof and

allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." (The Amendment of March 2, 1917, c. 153, 39 Stat. 999, does not change this language, and was adopted after the discharge.) By the very form of the law the debtor is discharged subject to an exception, and one who would bring himself within the exception must offer evidence to do so. *Kreitlein* v. *Ferger,* 238 U. S. 21, 26. *McKelvey* v. *United States, ante,* 353. But there is an exception to the exception, " unless the creditor had notice," &c., and, by the same principle if the debtor would get the benefit of that he must offer evidence to show his right. We agree with the Court below that justice and the purpose of the section justify the technical rule that if the debtor would avoid the effect of his omission of a creditor's name from his schedules he must prove the facts upon which he relies.

The petitioners urge two further objections. They say that it did not appear that the debtor knew the name of his creditor. The trial judge was warranted in inferring that when a judgment had been recovered against him in Boston, where he lived, he knew the name of the man who recovered it and who lived hard by. Again, they say that the debt may have been scheduled under some other name. The judge had the schedule before him and for all that appears well may have inferred that it was not. But we cannot treat these questions as open. The Supreme Judicial Court stated that the questions presented related wholly to the burden of proof and it was said at the argument and not denied that in their brief before that Court the petitioners asserted that the sole issue was on the refusal to give the requests stated above. That is all that is before us now, although we have been unwilling to let the petitioners suppose that were it otherwise they would be better off.

*Judgment affirmed.*