David I. Mann *v.* Meyer Benus and Frances Benus, Appellants.

Argued October 18, 1928.

Before Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Lester Lichtenstein,* and with him *Sundheim, Folz & Sundheim,* for appellants, cited: Kreitlein v. Ferger, 238 U. S. 21, 26; Hill et al. v. Smith, 260 U. S. 592, 594; Fitzpatrick v. Bates, 92 Pa. Superior Ct. 114.

*George S. Wolbert,* for appellee, cited: Beihl v. Martin, 236 Pa. 519; Saxman v. McCormick, 278 Pa. 268.

OPINION BY GAWTHROP, J., November 21, 1928:

Defendants, husband and wife, appealed from a judgment in a suit for the price of coal alleged to have been sold and delivered to them. The husband admitted in his affidavit of defense that he had ordered all of the coal, but denied that any of it was purchased by his wife. The defense alleged by him was that subsequently to the delivery of the coal he had been adjudged a bankrupt; that the debt sued for was listed in his schedule of debts filed; and that he had received his discharge in bankruptcy. The wife denied that any of the coal was purchased by or for her. At the trial plaintiff called but one witness. He testified that he was a selling agent for plaintiff; that all of the coal, except three tons, was ordered by the husband in person; and that "Mrs. Benus ordered that for him." Manifestly this evidence utterly fails to support a finding against the wife. It is equally clear that the judgment against the husband cannot stand. His discharge in bankruptcy, as pleaded, was admitted by counsel for appellee at the trial. Where a bankrupt is sued on a debt existing at the time of filing the petition, the introduction of the order of discharge makes out a prima facie defense, the burden being then cast upon the plaintiff to show that, because of the nature of the claim, failure to give notice or other statutory reason, the debt sued on was by law excepted from the operation of the discharge: Kreitlein v. Ferger, 248 U. S. 21. See also Hill v. Smith, 260 U. S. 592. The mere fact that the contracts entered into by the husband might have resulted in a joint debt would not prevent him from listing the debt in his bankruptcy schedules and securing a discharge from the debt. (See Bankruptcy Act

of July 1, 1898, section 17, as amended by the Act of January 7, 1922.) As there was no evidence that the debt sought to be collected from the husband in this suit was excepted from the operation of the discharge in bankruptcy, the judgment against him cannot stand. It follows that the motion for judgment n. o. v. should have been granted.

The judgment is reversed and here entered for defendants.