MIGUEL A. BUSTELO, Plaintiff and Appellee, *v.* LUIS R. CERRA ET AL., Defendants and Appellants.

No. 6732. Argued January 28, 1935.—Decided February 19, 1935.

*Colón Gordiani & Segarra* for appellants. *Arturo Aponte, Faustino R. Aponte, Miguel A. Bustelo,* and *R. García Cintrón* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

This was a motion to dismiss an appeal as frivolous. The complaint set up that on the 22nd of February 1929, the complainant became a surety on a note to the Banco Comercial signed by Luis R. Cerra and Gerardo Cerra; that when the note became due the said Banco Comercial tried without success to obtain a payment of the same from the said debtors and thereupon the bank required the plaintiff to pay the obligation which he did. Therefore, this action was brought to recover from Luis R. Cerra and Gerardo Cerra the defendants in the present action, the amount paid to the bank.

The note, it appears, became due on the 22nd of May 1929, and was paid by the plaintiff on the 29th of March 1930. The appellants alleged in defense that they were discharged in bankruptcy from all debts that had existed against them on the 22nd of May 1929, and that the claim of the plaintiff was one of the debts included in the discharge. The case came on for trial before the District Court of Humacao the 24th of May 1933.

From the filed opinion it appears that the discharge took place on the 29th of December 1929, and, of course, related back to the time of the filing of the petition in bankruptcy. The court found that in the schedule of bankrupts the claim of the Banco Comercial of Humacao was included, but that there was nothing to show that among the common creditors of the bankrupts the present plaintiff and appellee was included; that the answer did not set up that the plaintiff had

knowledge of the existence of the bankruptcy proceeding; that this court had decided in *Roig* v. *Barletta et al.*, 28 P.R.R. 561, that a claim not included in the schedule was not freed by the discharge, unless it was shown that the creditor was notified or had knowledge of the bankruptcy proceeding. In *Villar & Co.* v. *Conde*, 37 P.R.R. 658, we held that where the creditors had notice of the bankruptcy proceeding the debt not scheduled was discharged.

The Bankruptcy Act provides that the discharge in bankruptcy shall release a bankrupt of all his provable debts with certain exceptions; one of them is if the debts have not been scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceeding in bankruptcy. Code of Laws of United States of America, Title 11, par. 35, p. 246.

The conclusion indicated in *Roig* v. *Barletta et al., supra,* is supported by *Hill* v. *Smith*, 260 U. S. 595. It appears from that case that the creditor must show that he was not included in the exception, namely, that his claim was not scheduled but that there was an exception to the exception, namely, "unless the creditor had notice, etc." and if the debtor relies on that principle he must offer evidence to show his right, citing *Kreitlen* v. *Ferger*, 238 U. S. 21 and *McKelvey* v. *United States*, 283 U. S. 353.

██ The question arises whether the claim or prospective claim of a surety is a provable debt. There are courts that decided that such contingent liability was not a provable debt.

Some of these cases and others were reviewed in *Maynard* v. *Elliot*, 283 U. S. 273. The Court held that the obligation of an endorser was at least a claim, and hence a debt so far as defined by the act, and that the language of paragraph 63 of the Bankruptcy Law, which permits proof of a claim "founded . . . . upon a contract, express or implied" was broad enough to embrace the liability of an endorser upon

negotiable paper which had not matured at the time of the adjudication. In the citations of the Supreme Court are cases which include the contingent liability of the bankrupt himself to another person, and cases, as here, where the claimant was a surety. Section 63 above referred to is numbered section 103 in the United States Code and appears on page 254 of the said code. The conclusion to which the Supreme Court arrived was pretty well analyzed in *In re Smith,* 146 Fed. 923, and referred back to *Moch v. Market Street National Bank,* 107 Fed. 897, which appears to be a leading case. Under these decisions it makes no difference whether the debt was due or not at the time of the bankruptcy, and this is decided in *Germania Savings Bank & Trust Co. v. Loeb,* 188 Fed. 285. See also *In re Amdur Shoe Co.,* 13 F. (2d) 147; also *In re Cunningham,* 64 F. (2d) 296, citing *Williams v. U. S. Fidelity Co.,* 236 U. S. 549.

The evidence in the court below practically admitted that this contingent claim was not included in the schedules of the bankrupt, and there is absolutely no evidence that the plaintiff had notice or knowledge of the pendency of the bankruptcy proceeding.

Therefore, we feel bound to uphold that the appeal is frivolous and should be dismissed.