## REAUGH v. HADLEY.

### No. 6276.

Circuit Court of Appeals, Seventh Circuit.

Dec. 1, 1937.

Charles E. Sturtz and William C. Ewan, both of Kewanee, Ill., for appellant.

Ira J. Covey and Wayne H. Mathis, both of Peoria, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Plaintiff, receiver of an insolvent national bank, appeals from a judgment in favor of defendant in an action brought to recover an assessment upon defendant's shares in the bank.

The facts are stipulated. The bank closed its doors voluntarily on November 15, 1930. At that time defendant was a shareholder and there is no evidence of transfer of her stock thereafter. On January 5, 1931, defendant was adjudged bankrupt upon her voluntary petition filed that day. Eight days later, the bank, through its shareholders, voted to enter upon voluntary liquidation under the provisions of section 181, title 12 U.S.C. (12 U.S.C.A. § 181), and this it proceeded to do. Subsequently, on the 8th day of January, 1932, the Comptroller of the Currency declared the bank insolvent, appointed the receiver, and, on February 5, 1932, levied an assessment upon the shareholders for the sum of $100 per share, due and payable on the 12th day of March, 1932. The bankrupt was discharged on June 30, 1933.

Plaintiff contends that the liability was not discharged, as there is no showing that it was scheduled or that the receiver had notice of the bankruptcy, while the defendant contends that the order of discharge is complete defense.

The assessment liability, always existing under the banking act, became fixed in a definite amount on the 15th day of February, 1932, some fourteen months before the bankrupt was discharged. Under Brown v. O'Keefe, 300 U.S. 598, at page 606, 57 S.Ct. 543, 548, 81 L.Ed. 827, the claim, quasi contractual in its origin and basis, an incident affixed by law to the

contract of membership between shareholder and bank, was provable in bankruptcy even before fixed in amount. Whether the debtor listed the debt in her original schedules or by amendment thereto, whether any claim was filed in the bankruptcy court, whether plaintiff had knowledge of the proceedings in apt time, and whether the trustee administered upon the shares as an asset, the agreed facts do not disclose.

By section 17 of the Bankruptcy Act (as amended, 11 U.S.C.A. § 35), it is provided that the bankrupt's discharge shall release him from all of his provable debts, except, among others, those which "have not been duly scheduled in time for proof and allowance." In Kreitlein v. Ferger, 238 U.S. 21, 35 S.Ct. 685, 687, 59 L.Ed. 1184, Mr. Justice Lamar said: "There are only a few cases dealing with the subject, but they almost uniformly hold that where the bankrupt is sued on a debt existing at the time of filing the petition, the introduction of the order makes out a prima facie defense, the burden being then cast upon the plaintiff to show that, because of the nature of the claim, failure to give notice, or other statutory reason, the debt sued on was by law excepted from the operation of the discharge." In the later case of Hill v. Smith, 260 U.S. 592, at page 595, 43 S.Ct. 219, 220, 67 L.Ed. 419, Mr. Justice Holmes added: "By the very form of the law the debtor is discharged subject to an exception, and one who would bring himself within the exception must offer evidence to do so. Kreitlein v. Ferger, 238 U.S. 21, 26, 35 S.Ct. 685, 59 L.Ed. 1184; McKelvey v. United States, 260 U.S. 353, 43 S.Ct. 132, 67 L.Ed. 301." McKelvey v. United States, 260 U.S. 353, 43 S.Ct. 132, 134, 67 L.Ed. 301, referred to by Mr. Justice Holmes was a criminal proceeding, but the language of the court is pertinent. There it was said: "By repeated decisions it 'has come to be a settled rule in this jurisdiction that an indictment or other pleading founded on a general provision defining the elements of an offense, or of a right conferred, need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere, and that it is incumbent on one who relies on such an exception to set it up and establish it." It follows that, inasmuch as the cause of action to recover the assessment came into existence while the bankruptcy case was pending and prior to the bankrupt's discharge, when the debtor pleaded and proved the discharge, if plaintiff had any evidence to bring himself within the exception, it was incumbent upon him to produce the same and, having failed to do so, his action failed.

The judgment is affirmed.