## HYLEK v. HYLEK.

### Civ. No. 403.

District Court, N. D. Indiana, Hammond Division.

Jan. 18, 1944.

George Panea, of Hammond, Ind., for plaintiff.

Louis C. Holland, of Gary, Ind., for defendant.

SWYGERT, District Judge.

The plaintiff and defendant were divorced June 19, 1931 by the Lake Superior Court, Room 2. The judgment in the divorce action awarded the two minor children of the parties to the plaintiff in that action (the defendant here) and the defendant (the plaintiff here) was ordered to pay into the "Clerk's office for the use of plaintiff in support of said children sum of $30.00 per month payable on the first day of each month." No part of this support order was paid and the defendant, Celia Hylek, in 1941 attempted by way of a citation to show cause, issued in the original divorce proceeding, to collect the accumulated arrearage under the order. The petition for citation recited the fact that at that time the children were emancipated. The Lake Superior Court sustained the motion to discharge the rule to show cause and a demurrer to the petition for citation. Thereupon, the defendant sued the plaintiff, Walter Hylek, in Lake Superior Court, Room 4, in an independent action. This action was submitted upon a paragraph of complaint which alleged inter alia, (1) the divorce action, the judgment of divorce and the support order heretofore mentioned; (2) that Celia Hylek had the care and custody of the children named in the divorce decree from the time of the divorce until they had reached their majority; (3) that during all that time she "continuously furnished a home, clothing, food, medical attention and schooling for said children and that during

all of said period she relied upon the order herein being performed by said defendant"; (4) that these items were paid out of her income and earnings and were "worth and would cost the plaintiff more than the $30.00 allowed by said court order"; and (5) that by reason of this order there accrued to her the right to recover all of the unpaid installments of the support order. On this action she obtained a judgment for $2940. This judgment was scheduled in the bankruptcy proceedings filed in this court by the plaintiff, Walter Hylek. The plaintiff was discharged a bankrupt on August 19, 1943. Since then the defendant has begun supplemental proceeding against the plaintiff in the State Court for the purpose of collecting the judgment rendered in that court. The plaintiff in the instant action seeks to enjoin the defendant from proceeding further in that proceeding, contending that the order of discharge in the bankruptcy proceeding bars further attempts to enforce the judgment.

The question presented by these facts is whether this judgment was a "provable debt" released by the discharge in bankruptcy or whether it was exempted from the discharge order by reason of the provision of Section 17 of the Bankruptcy Act, 11 U.S.C.A. § 35, which exempts "liabilities * * * for alimony due or to become due, or for maintenance or support of wife or child."

The plaintiff contends that the judgment is a provable debt in bankruptcy because (1) it is a fixed liability founded upon an implied contract and is essentially a claim for money had and received and (2) it is not a judgment for support of minor children in that it is not so stated in the judgment and, further, in that when the action resulting in the judgment was filed, there were no minor children for the plaintiff to support and thereby there is no existing duty to support any minor children.

The judgment in question was recovered in an action grounded upon the legal principles laid down in McCormick v. Collard, 105 Ind.App. 92, 10 N.E.2d 742, 743, and Pavuk v. Scheetz, 108 Ind.App. 494, 29 N.E.2d 992. Those principles are well stated in the former decision as follows:

"It seems apparent that the one who has the actual custody of a minor child by virtue of an order of court entered in a divorce proceeding is the one who must of necessity see that the child is furnished with proper food and clothing, and that it receives other needed attention, even though the support money, for reasons sufficient to the trial court, may have been ordered paid to some person other than the one granted the custody of the child. If the decree also provides that the father pay designated amounts toward the accomplishment of this purpose, and he fails to do so, and the person having custody of the child and charged with its actual care and maintenance, except to the extent that the father has been ordered to contribute, does in fact provide for said child the necessary maintenance, then, in accordance with the dictates of reason and justice, the father, being under a legal duty to pay to the extent ordered by the court, should be held liable to the person to whom the custody of the child was given, such person not being a volunteer but one upon whom the court has imposed the duty of actually caring for the child's needs, with such assistance as the court has decreed shall be furnished by the father.

"While, strictly speaking, there is no contractual relation between the father and the person awarded the custody of the child, yet the father, in cases of this character, has come under a legal duty to pay the amount awarded, and the custodian of the child under a legal duty to see that the child is supplied with the necessities of life. When the father fails to comply with the court's decree as to payments for support, and continuous support is furnished by the person awarded the custody so as to meet the exigencies arising, we are of the opinion that sound public policy requires that the father be held liable to the one who rightfully meets the present needs of the child where such person has expended for that purpose an amount equal to or in excess of that which the father was obligated to pay, but did not pay, for the support of the child."

The nature and character of the original claim is not changed by merging it into a judgment, Leman v. Locke, 240 Mass. 551, 134 N.E. 343; Gilchrist v. Cotton, 83 Ind.App. 415, 148 N.E. 435, 928; and the court may look behind the judgment to ascertain the true nature of the claim or obligation. Wetmore v. Markoe, 196 U.S. 68, 25 S.Ct. 172, 49 L.Ed. 390, 2 Ann.Cas. 265. Accordingly, the primary inquiry in this case is to determine the nature of the defendant's claim that was the basis of her judgment.

To paraphrase the language of the Supreme Court in Audubon v. Shufeldt, 181 U.S. 575, 21 S.Ct. 735, 45 L.Ed. 1009, the defendant's claim does not arise from any business transaction. It is not founded on contract, express or implied, but on the natural and legal duty of a father to support his children. This duty transposed into "dollars and cents" is the real basis of the defendant's judgment. As stated in the Wetmore case [196 U.S. 68, 25 S.Ct. 174, 49 L.Ed. 390, 2 Ann.Cas. 265]: "We think the reasoning of the Audubon Case recognizes the doctrine that a decree awarding alimony to the wife or children, or both, is not a debt which has been put in the form of a judgment, but rather a legal means of enforcing the obligation of the husband and father to support and maintain his wife and children."

Such being the nature of the obligation, its true character cannot be changed no matter what form it takes.

Is the nature of the obligation or claim changed by the fact that the parties' children were emancipated when the defendant asked for her judgment? The answer is that Section 17 imports past-due liability as well as present and future liability, if any. True, the plaintiff has no present duty to support his children. The duty he had in that regard has accrued and is past due. It is now in the form of a judgment. The natural and moral and legal duty that he did have to support his children is still existing because he has not discharged it. He has not discharged that duty although the children themselves were not deprived of the support which he was bound by law and morals to furnish. That support which he was under obligation and order to supply was furnished by the defendant, and in a sense she has become subrogated to the rights of her children to look to the father for support during their minority which rights were defined and limited by the court order of 1931.

Whether the theory of the transposition of that duty into the defendant's judgment is in the nature of an implied contract or not makes no difference. The underlying basis of the judgment is the plaintiff's unfulfilled duty to support his children during their childhood to the extent the court ordered him to furnish it and which was furnished by the defendant.

Again quoting the Wetmore case: "The bankruptcy law should receive such an interpretation as will effectuate its beneficent purposes and not make it an instrument to deprive dependent wife and children of the support and maintenance due them from the husband and father, which it has ever been the purpose of the law to enforce."

The injunction is denied. The stipulation of facts will be adopted as the special findings of fact. Counsel for defendant may submit proposed conclusions of law and appropriate form of judgment.