In re Ronald R. FONTAINE, Debtor.

Kathleen Ruth NEWTON, Plaintiff,

v.

Ronald R. FONTAINE, Debtor, Defendant.

Bankruptcy No. 8000842.
Adv. No. 810013.

United States Bankruptcy Court, D. Rhode Island.

Sept. 11, 1981.

---

Robert Oster, Oster, Groff & Prescott, Lincoln, R.I., for plaintiff.

David C. Moretti, Jeffrey S. Perlow, Law Offices of David C. Moretti, Cranston, R.I., for defendant.

## ORDER DENYING PLAINTIFF'S COMPLAINT TO HAVE DEBT DETERMINED TO BE NONDISCHARGEABLE

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the Plaintiff's complaint to determine the dischargeability of a debt owed by the Debtor to Industrial National Bank. The issue in this case is whether an order of the Rhode Island Family Court requiring the Defendant to pay a loan owed jointly by him and his then wife constitutes alimony, support or maintenance under Bankruptcy Code § 523(a)(5), 11 U.S.C. § 523(a)(5).

The Plaintiff and the Defendant were married in October, 1978, separated in April, 1979, and were granted a final decree of divorce on November 30, 1979 (a total of 13 months). According to the terms of a consent decree, the Defendant was ordered to pay an outstanding loan to Industrial National Bank, on which the Plaintiff and Defendant were both obligated. The decree also provides that both parties waived "any and all rights of alimony." Both parties were represented by counsel in Rhode Island Family Court. The Defendant filed a Chapter 7, 11 U.S.C. § 701 et seq., bankruptcy petition with this Court in November, 1980. Realizing that if her former husband's debt to the Bank was discharged she would be solely liable on the loan, the Plaintiff filed the instant complaint seeking a determination that the Defendant's payments on the loan were in the nature of alimony, maintenance, and support, and therefore nondischargeable pursuant to Bankruptcy Code § 523(a)(5), 11 U.S.C. § 523(a)(5).

The party contesting the dischargeability of a debt bears the burden of proof. *Hill v. Smith*, 260 U.S. 592, 43 S.Ct. 219, 67 L.Ed. 419 (1923); *Public Finance Corp. v. Walker*, 7 B.R. 216 (Bkrtcy.D.R.I. 1980). The parties lived together as husband and wife for only six months, they have no children, and most importantly, the Plaintiff, with the advice of counsel, consented to a decree waiving "any and all rights of alimony." The Plaintiff has not produced any evidence to rebut the strong inference in this case that the Family Court order requiring the Defendant to pay the loan in question was not intended to be in the nature of alimony.

The debt in question is discharged. Judgment should be entered for the Defendant.