**In re Joe Franklin REDIKER, Jr., Debtor.**

**Bankruptcy No. 380–01623.**

United States Bankruptcy Court, M.D. Tennessee.

Sept. 29, 1982.

Peter V. Hall, Murfreesboro, Tenn., for creditor, Elfriede Amos.

John E. Buffaloe, Jr., Nashville, Tenn., for debtor.

## MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the debtor Joe Franklin Rediker, Jr.'s petition to reopen his closed Chapter 7 bankruptcy case for the purpose of amending his schedules to include debts of his former spouse Elfriede Amos and her attorney and to have those debts declared dischargeable. Amos objected to the debtor's petition on the grounds that the application was untimely and that, in any event, the debts in question are nondischargeable under either 11 U.S.C. § 523(a)(3) or (5). Upon consideration of the proof presented at the hearing on March 8, 1982, stipulations, exhibits, briefs of the parties and the entire record, this court is of the opinion that the debtor's case should be reopened for the purpose of determining whether the aforementioned debts are dischargeable. The court concludes that the $13,950.00 judgment for child support awarded to the debtor's former spouse is nondischargeable and that the $1,000.00 awarded to the former spouse's attorney is dischargeable.

The following shall constitute findings of fact and conclusions of law pursuant to Rule 752 of the Federal Rules of Bankruptcy Procedure.

The debtor and his former wife were married in West Germany in January of 1964. In February of 1964, their son Thomas was born. The debtor returned to the United States in February of 1965 due to his father's illness. Marital difficulties subsequently developed between the debtor and his wife and the debtor obtained an *ex parte* divorce in the Fourth Circuit Court of Davidson County, Tennessee, in December of 1966. The divorce decree contained no provision for custody or child support.

The debtor never returned to West Germany and remained in Tennessee after the divorce. Amos remained in West Germany and maintained custody of the minor child in that country. During this time, the debtor sent a total of $310.00 to his former wife as child support for their son.

On December 7, 1979, Amos filed a petition for child support in the Circuit Court of Davidson County. The debtor was served with a copy of this petition and the summons in May of 1980. On May 15, 1980, the debtor filed his answer to the petition.

On May 28, 1980, thirteen days after filing his answer to Amos' child support action, the debtor filed a voluntary Chapter 7 petition in this court. The attorney who filed the bankruptcy petition for the debtor was the same attorney who represented the debtor in the child support proceeding. The debtor did not list his former spouse as a creditor in his Statement of Schedules and Affairs. The order and notice setting the date for the first meeting of creditors, which was mailed to all scheduled creditors on June 13, 1980, contained a no asset notice as provided by Federal Rules of Bankruptcy Procedure 203(b) and 302(e)(4). The no asset notice advised unsecured creditors that "it is not necessary for creditors to file unsecured claims at this time" and that "[I]f it subsequently appears that there are assets from which a dividend might to [sic] be paid on unsecured claims, creditors will be so notified and given an opportunity to file such claims." On August 15, 1980, the trustee filed a no asset report with the court. The debtor was granted a discharge on October 20, 1980. The court thereafter entered an order approving the trustee's report of no assets and closing the estate on December 31, 1980.

On October 27, 1981, the Circuit Court of Davidson County entered an order awarding Amos a judgment of $13,950.00 for child support, which sum included $1,800.00 for traveling expenses incurred by Amos in attending the trial. The court further ordered the debtor to pay to Amos' attorneys the amount of $1,000.00 as attorneys' fees. *Rediker v. Rediker,* Case No. 48152 (4th Cir.Ct. Davidson Co., Tenn. October 27, 1981). The debtor thereafter filed this motion to reopen his closed bankruptcy case for the purpose of amending his schedules to add Amos and her attorney to his list of creditors.

At the hearing of this matter, the debtor testified that he did not list Amos on the original bankruptcy petition because he presumed that she did not have a valid claim against him. The debtor further testified that two associates of Amos' attorney represented other creditors in his bankruptcy proceeding. In fact, the court records reflect that Bill Burton, an associate of the attorney employed by Amos, did attend the debtor's meeting of creditors and later filed a complaint objecting to the dischargeability of a debt.

The debtor seeks to reopen this closed bankruptcy case pursuant to 11 U.S.C.A. § 350(b) (West 1979) which provides that a case may be reopened "to accord relief to the debtor, or for other cause." The reopening of a case rests within the sound discretion of the court, and the case will only be reopened upon the demonstration of compelling circumstances justifying the reopening. *Reid v. Richardson,* 304 F.2d 351, 355 (4th Cir.1962); *Stephenson v. General Motors Acceptance Corp.,* 19 B.R. 185, 187 (Bkrtcy.M.D.Tenn.1982).

The crux of the debtor's complaint is his request that the debts in question be found dischargeable. To obtain this relief, the debtor initially petitions the court for leave to amend his schedules by adding his former spouse and her attorney to his list of creditors. The debtor would, however, gain nothing by the court's allowance of this amendment since the addition of these creditors' names to the debtor's schedules would have no affect upon the ultimate determination of whether these debts were dischargeable. *In re Holt and Derryberry,* Case No. 180–01488 and Bk. No. 79–10140, slip op. at 6 (Bankr.M.D.Tenn. September 30, 1981). The debtor's discharge entered on October 20, 1980, provides that the debtor "is released from all dischargeable debts." 11 U.S.C. § 523(a)(3) specifically states that an unscheduled debt is nondischargeable *unless* the creditor received notice or actual knowledge of the bankruptcy case in a timely fashion. The issue posed by the debtor's complaint is thus not whether the debtor's case may be reopened to amend his schedules to add creditors but, instead, whether the case may be reopened to determine the dischargeability of this debt. This court has in the past been besieged by applications similar to the debtor's in this case. From this point forward, the proper form for such requests in Chapter 7 cases will be an application to reopen

to determine the dischargeability of a particular debt with the service of an appropriate summons and complaint on the affected creditor.

■ This court is of the opinion that the debtor may reopen this case in order to obtain a determination of whether the debt in question is dischargeable under either 11 U.S.C. § 523(a)(3) or (5). The Bankruptcy Court possesses concurrent jurisdiction with any appropriate non-bankruptcy forum to determine the dischargeability of debts under these sections. 11 U.S.C.A. § 523(c) (West 1979). *See also Romeo v. Romeo,* 16 B.R. 531, 534 (Bkrtcy.D.N.J.1981); *Kuzminski v. Peterman,* 5 B.R. 687, 690 (Bkrtcy.E. D.Pa.1980); *Williams v. Gurley,* 3 B.R. 401, 402–403 (Bkrtcy.N.D.Ga.1980). At least one court has held, however, that a debtor's desire to litigate the issue of dischargeability in a bankruptcy rather than a non-bankruptcy forum is insufficient cause to reopen a closed bankruptcy case. *In re Iannacone,* 21 B.R. 153, 155 (Bkrtcy.D.Mass.1982); *Cf. In re McNeil,* 13 B.R. 743, 747 (Bkrtcy.S.D. N.Y.1981) (debtors could not reopen their closed bankruptcy case to determine a dischargeability issue where the debtors had already asserted their discharge as a defense to the creditor's state court action on the debt); 3 COLLIER ON BANKRUPTCY ¶ 523.13[9], at 523–93 (15th ed. 1982) (should a creditor bring an action in a court other than a bankruptcy court to collect a debt which he contends is excepted from discharge pursuant to § 523(a)(3), then the local court must resolve the dischargeability issue unless the debtor can successfully remove the case to the bankruptcy court.).

This court respectfully disagrees with such a result. Rule 409(a) of the Federal Rules of Bankruptcy Procedure expressly provides that a debtor or creditor may *at any time* file a complaint with the bankruptcy court to obtain a determination of the dischargeability of a debt, subject to certain exceptions listed in 11 U.S.C. § 523(c) which are not relevant herein.[1] Rule 409(a) further contemplates that "a case may be reopened without the payment of an additional filing fee for the purpose of filing a complaint under this rule." Fed.R. Bankr.P. 409(a). To preclude the debtor from reopening this case to litigate the dischargeability issue in this forum would require the debtor to expend additional funds in pursuing this issue in state court and thereby unduly hamper his ability to obtain a fresh start. *See In re Holt and Derryberry,* Case No. 180–01488 and Bk. No. 79–10140, slip op. at 6 (Bankr.M.D. Tenn. September 30, 1981). The circumstances herein are sufficient to justify the reopening of this case pursuant to 11 U.S.C. § 350(a) to determine the dischargeability of the debt in question.

The creditor first asserts that the debt is nondischargeable under 11 U.S.C. § 523(a)(3)(A) (West 1979) which provides in pertinent part:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . . .

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the

---

1. The Bankruptcy Code does not prescribe who may file dischargeability complaints. 11 U.S. C.A. § 523(c) (West 1979) does provide:

"(c) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, *on request of the creditor to whom such debt is owed,* and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6) as the case may be of subsection (a) of this section." (emphasis added).

The language of § 523(c) should not, however, be read to restrict a debtor from initiating a dischargeability complaint. Section 523(c) merely stands for the proposition that a debtor shall be discharged from a debt specified in § 523(a)(2), (4) or (6) *if* the creditor fails to timely commence a proceeding in the bankruptcy court to except this debt from discharge. This language is not inconsistent with Rule 409(a) and therefore Rule 409(a) continues to apply under the Bankruptcy Code. *See* § 405(d) of Title IV of the Bankruptcy Code (codified in note proceeding 28 U.S.C.S. § 1471 (Law Co-op. Supp.1982)). In fact, the proposed new bankruptcy rules would continue to permit a debtor to file a dischargeability complaint with the bankruptcy court. Fed.R. Bankr.P. 4007(a) (proposed March, 1982).

creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; ...."

█ It is undisputed that the debtor in this case failed to list the creditors in question in his bankruptcy schedules. Once this is established, the burden is on the debtor to prove that the creditor had timely notice or knowledge of the debtor's bankruptcy petition and thus comes within the exception set forth in § 523(a)(3)(A). *Hill v. Smith,* 260 U.S. 592, 594–595, 43 S.Ct. 219, 220, 67 L.Ed. 419 (1923); *Milando v. Perrone,* 157 F.2d 1002, 1004 (2d Cir.1946); *In the Matter of Robertson,* 13 B.R. 726, 732 (Bkrtcy.E.D. Va.1981).

█ The debtor has met this burden in the present case and therefore the debts of both Amos and her attorney are dischargeable under § 523(a)(3). The attorney for Amos is one of five attorneys in a law firm located in Murfreesboro, Tennessee. During the course of this attorney's representation of the creditor, one of his associates not only participated in the debtor's bankruptcy proceeding by attending the debtor's meeting of creditors but also filed an objection to the discharge of the debtor on behalf of another of the debtor's creditors. Under these circumstances, this court must conclude that the creditor's attorney did possess knowledge of the debtor's bankruptcy petition.

Furthermore, the knowledge of the creditor's attorney is necessarily imputed to the creditor. As this court has previously recognized, "notice of bankruptcy proceedings or actual knowledge thereof by an attorney authorized under the facts to receive notice is the equivalent of notice to the creditor." *Warren v. Watson,* Bk. Nos. 78–20052 and 78–20053, slip op. at 8–9 (Bankr.M.D.Tenn. November 18, 1981). *See also Klein v. Davis,* 19 B.R. 487, 488 (Bkrtcy.S.D.Fla.1982); *Porter v. Arrow Investment Corp.,* 16 B.R. 229, 232 (Bkrtcy.D.Mass.1981); *In the Matter of Robertson,* 13 B.R. at 733; 3 Collier on Bankruptcy ¶ 523.13[5][c] at 523–87 to 523–88 (15th ed. 1982). In reaching this result, this court quoted with approval the following language from *In re Locust Building Co.,* 299 F. 756, 769 (2d Cir.1924):

"The attorney is *conclusively presumed* to have informed his client of all material facts which the attorney acquires knowledge of, and which affect the client's rights, while the attorney is acting in the course of his employment and within the scope of his authority." (emphasis added).

*See also Link v. Wabash Railroad Company,* 370 U.S. 626, 633–634, 82 S.Ct. 1386, 1390–1391, 8 L.Ed.2d 734 (1962); *In re DiDio,* 1 B.R. 196, 199 (Bkrtcy.E.D.Pa.1979).

█ This finding does not, however, completely resolve the dischargeability issue since the creditor also claims that a portion of the debt is for child support and thus nondischargeable pursuant to 11 U.S.C. § 523(a)(5).[2] In this case, the circuit court judge found that "an equitable amount for the support of the minor child from the date of the divorce of the parties until the day the minor child reaches its 18th birthday should be in the amount $13,950.00."[3] *Rediker v. Rediker,* Case No. 48152 (4th Cir.Ct. Davidson Co., Tenn. October 8, 1981). The court further found that this amount included the travel expenses incurred by the debtor's former spouse in the

---

**2.** 11 U.S.C.A. § 523(a)(5) (West 1979) provides:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . . .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; ...."

**3.** The fact that the judgment for child support

**76**

amount of $1,800.00. The debtor has presented no evidence which would indicate that the amount awarded by the Circuit Court was not in the nature of child support. The award of travel expenses to the mother as child support can certainly be justified as a necessary expense incurred in the collection of such support. This court will not and cannot reconsider at this time whether the actual amount awarded as child support was justifiable. *Benz v. Nelson,* 16 B.R. at 660. The Circuit Court, however, chose not to characterize the award of attorney's fees to Amos' attorney as child support. This amount, therefore, comes within the scope of the debtor's discharge.

The court will accordingly enter an order reopening this case and finding that the $13,950.00 judgment for child support is nondischargeable and that the $1,000.00 awarded to Amos' attorney as attorney's fees is dischargeable.

IT IS, THEREFORE, SO ORDERED.

was obtained near when the child had reached the age of majority does not alter the nature of the obligation and does not render the debt nondischargeable. *See Hylek v. Hylek,* 148 F.2d 300, 302 (7th Cir.1945), *aff'g,* 53 F.Supp. 657 (D.Ind.1944); *Benz v. Nelson,* 16 B.R. 658, 660 (Bkrtcy.M.D.Tenn.1981), *rev'd on other grounds,* 20 B.R. 1008 (M.D.Tenn.1982); *Splittgerber v. Church,* 1 Bankr.Ct.Dec. (CRR) 993, 993–994 (Bankr.W.D.Wis.1975); *Roble v. Roble,* 41 Tenn.App. 412, 295 S.W.2d 817, 818 (1956).