Abel BELICE, a/k/a Belice
Abel, Debtor.

Sandon Gonsalves, Plaintiff–Appellant,

v.

Abel Belice, Defendant–Appellee.

BAP Nos. MB 11–048, MB 12–005.
Bankruptcy No. 08–11927–WCH.
Adversary No. 09–01241–WCH.

United States Bankruptcy Appellate Panel
of the First Circuit.

Oct. 15, 2012.

Sandon Gonsalves, pro se, on brief for Appellant.

No brief filed for Appellee.

Before LAMOUTTE, HAINES, and DEASY, United States Bankruptcy Appellate Panel Judges.

HAINES, Bankruptcy Judge.

Sandon Gonsalves, a *pro se* creditor, appeals: (1) the order granting the motion of Abel Belice to dismiss Gonsalves' adversary complaint; and (2) the order denying Gonsalves' motion for relief from judgment.[1] As we conclude that the dismissal was not only beyond the scope of our prior remand but was also legal error, we will **VACATE** the orders and **REMAND** the matter for further proceedings consistent with this opinion.

## BACKGROUND [2]

### I.  The Bankruptcy Petition

In 2006, Gonsalves and his partner obtained a state court judgment against Belice, their landlord. *See Appeal I,* 2011 WL 4572003, at *1. Shortly thereafter, Gonsalves was incarcerated. In March 2008, Belice filed his chapter 7 petition listing 26 George St., New Bedford, MA as his mailing address. Belice listed Gonsalves as a creditor and provided the George Street address for him, as well. He misspelled both Gonsalves' first and last names. The bankruptcy court sent all notices for Gonsalves to the George Street address, including the bar date for filing proofs of claims. The bankruptcy court entered Belice's discharge order on June 27, 2008.

### II.  Procedural History of Gonsalves' Adversary Proceeding

#### A.  Bankruptcy Court

On July 30, 2009, Gonsalves commenced an adversary proceeding seeking revocation of Belice's discharge under §§ 727(c), (d), and (e) or, alternatively, a determination that his claim survived discharge via § 523(a)(2).[3] Gonsalves alleged he first learned of Belice's bankruptcy on May 18, 2009, after commencing a collection action in state court. Gonsalves further alleged that when Belice filed for relief, he was aware that Gonsalves was not living at George Street as he had by then been incarcerated. He asserted that Belice had even tried to contact him to negotiate payment of the judgment. Gonsalves alleged that, but for the lack of notice, he would have participated in Belice's bankruptcy case.

Belice moved to dismiss the complaint pursuant to Rule 12(b)(6), asserting that he had notified Gonsalves of his bankruptcy petition and that Gonsalves' complaint was untimely.[4] Gonsalves objected, reiterating that he first received notice of Belice's bankruptcy on May 18, 2009 (too late to file a proof of claim or to file a timely dischargeability action). After hearing, the bankruptcy court overruled Gonsalves' objection and granted the motion to dismiss.

---

1.  Gonsalves filed two separate appeals, BAP Nos. MB 11–048 and MB 12–005. We combine the appeals for purposes of this opinion.

2.  This is the second appeal Gonsalves has filed in this case. A more detailed description of the underlying facts is set forth in the opinion we issued in the first appeal. *See Gonsalves v. Belice (In re Belice),* BAP No. MB 10–030, 2011 WL 4572003, at *1–4 (1st Cir. BAP Mar. 7, 2011) (*"Appeal I "*).

3.  Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109–8, 119 Stat. 23, 11 U.S.C. §§ 101, *et seq.* All references to "Bankruptcy Rules" shall be to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure.

4.  Rule 12(b)(6) is made applicable to bankruptcy cases by Bankruptcy Rule 7012(b).

## B. Appeal I: Reversal and Remand

Gonsalves appealed to the Bankruptcy Appellate Panel. He contended that his complaint, which asserted that Belice committed fraud by listing him at an address he knew to be incorrect, stated a claim. We explained that the count for relief under § 727(d), which Gonsalves filed thirteen months after Belice's discharge, was time-barred pursuant to § 727(e)(1). We therefore affirmed the bankruptcy court's dismissal on the discharge revocation count.[5] With respect to Gonsalves' request for relief under § 523(a), we first addressed why we concluded he had stated a claim under § 523(a)(3). We then articulated the applicable standard for such a count:

> When he filed for relief, [Belice] was required to file a list of creditors with their names and addresses. *See* 11 U.S.C. § 521(a)(1)(A) and Fed. R. Bankr.P. 1007(a)(1). The bankruptcy clerk uses this list to provide notice to all creditors and parties in interest of, *inter alia,* the order for relief, meeting of creditors, the bar date to file claims, and the deadlines for objecting to a discharge. *See* Fed. R. Bankr.P. 2002(f). As we have previously explained, the list of creditors "submitted by the debtor must therefore contain information reasonably calculated to provide notice to the creditor." *Vicenty v. San Miguel Sandoval (In re San Miguel Sandoval),* 327 B.R. 493, 507 (B.A.P. 1st Cir. [BAP] 2005); *see also Anderson v. Richards (In re Anderson),* Case No. 07–1328, 2009 WL 4840871 (Bankr.D.Mass. Dec. 10, 2009) (explaining debtor obligated to provide proper deliverable address if debtor knows it); *Oxford Video, Inc. v. Walker (In re Walker),* 125 B.R. 177, 180 (Bankr.E.D.Mich.1990) ("We con-

clude that a creditor has been duly scheduled and listed if the address provided by the debtor is sufficiently accurate to permit delivery by the United States Postal Service to the appropriate party."); *In re Gray,* 57 B.R. 927, 931 (Bankr.D.R.I.1986) ("Case law is clear and consistent; the debtor is held to a standard of reasonable diligence in ascertaining and listing all creditors.").

"The burden is on the debtors to use reasonable diligence in completing their schedules and lists.... If a creditor proves that an address is incorrect, the debtor must justify the inaccuracy in preparing his schedules." *Lubeck v. Littlefield's Restaurant Corp. (In re Fauchier),* 71 B.R. 212, 215 (B.A.P. 9th Cir. [BAP] 1987) (ruling "[a]ddresses that are two years old do not constitute reasonable diligence."); *see also Hill v. Smith,* 260 U.S. 592, 595 [43 S.Ct. 219, 67 L.Ed. 419] (1923) ("... [I]f the debtor would avoid the effect of his omission of a creditor's name from his schedules he must prove the facts upon which he relies."); *In re Walker,* 125 B.R. at 180 ("If the creditor is able to show that the address was inadequate for the purpose intended, the burden then shifts to the debtor to show that, notwithstanding the incorrect address, the 'creditor had [timely] notice or actual knowledge of the case.'").

On his petition, [Belice] used George Street both as his mailing address and the mailing address for Gonsalves. As Gonsalves' on-site landlord, it is likely that he knew Gonsalves had vacated the apartment. Claiming that George Street was valid because it was a "last known address" does not satisfy [Belice's] burden of reasonable diligence under the present factual scenario.

---

**5.** The Panel noted that although the bankruptcy court erred in dismissing the count for failure to state a claim, the error was harmless as the count was time-barred.

Accepting the facts Gonsalves set forth in his complaint and further pleadings as true, the address [Belice] used for Gonsalves was not reasonably calculated to provide notice. As such, we conclude that Gonsalves' complaint presented a plausible case for relief under § 523(a)(3). Therefore, it was error to dismiss this claim on the grounds that he failed to state a claim upon which relief can be granted.

*In re Belice*, 2011 WL 4572003, at *4–5.

The Panel reversed and remanded the matter "for consideration of the request for relief under § 523(a)(3)." *Id.* at *5.

### C. Bankruptcy Court, On Remand

On remand, Belice again sought dismissal under Rule 12(b)(6), this time based on his argument that Gonsalves had failed to file the § 523(a)(3) count within one year of his discharge, despite having received notice a month prior to that anniversary. He erroneously contended that the one year limitation set by § 727(e) for discharge revocation actions applied to Gonsalves' § 523(a)(3) claim. He also offered, somewhat opaquely, that "[w]e do not need to get to section 523 as notice is determined to have been given." Gonsalves opposed the dismissal motion, acknowl-

edging that he learned of the bankruptcy on May 18, 2009, but disputed the assertion that his complaint was untimely.

Counsel for Belice was the only party to appear at the brief hearing on the motion to dismiss. After a brief question to counsel, the court granted Belice's motion stating, "not having heard from the plaintiff—and we know where he is, and he could be in touch in any number of ways, I am going to grant [the] motion to dismiss."

Gonsalves timely appealed and obtained an order from the Panel staying the appeal until he could seek reconsideration of the dismissal under Rules 60(a) and (b).[6]

Gonsalves moved for relief from judgment arguing that the dismissal was in error because he had, in fact, timely filed an opposition. The bankruptcy court denied his motion and, in a written opinion, held that although it indeed failed to consider Gonsalves' opposition, such error was harmless because Gonsalves had failed to address the basis for Belice's dismissal request. *In re Belice*, 08–11927–WCH, 2012 WL 441875, at *1 (Bankr.D.Mass. Feb. 10, 2012). The bankruptcy court went on to recognize that Gonsalves' allegation as to when he received notice would support his prayer for relief. Ultimately,

---

**6.** Rule 60 is made applicable to bankruptcy cases by Bankruptcy Rule 9024. Subsections (a) and (b) provide:

(a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment,

order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

however, the court explained it could not grant relief because Rule 60(a) and Rule 60(b) are not applicable to errors of law. Gonsalves timely appealed the order denying reconsideration.

### JURISDICTION

■ Before considering the merits of the appeal, we are duty-bound to determine whether we have jurisdiction, even if the litigants have not raised the issue. See *Boylan v. George E. Bumpus, Jr. Constr. Co. (In re George E. Bumpus, Jr. Constr. Co.)*, 226 B.R. 724, 725–26 (1st Cir. BAP 1998). The Panel has jurisdiction to hear appeals from "final judgments, orders, and decrees" pursuant to 28 U.S.C. § 158(a)(1). *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). An order granting a motion to dismiss an adversary proceeding is a final order. *Burrell–Richardson v. Mass. Bd. of Higher Ed. (In re Burrell–Richardson)*, 356 B.R. 797, 799 (1st Cir. BAP 2006). Generally, an order denying relief from judgment under Rule 60 is considered a final, appealable order. *Balzotti v. RAD Inv. (In re Shepherds Hill Dev. Co., LLC)*, 316 B.R. 406, 413 (1st Cir. BAP 2004). The order granting dismissal and denying relief from that dismissal are final orders and the Panel has jurisdiction to hear these appeals.

### STANDARD OF REVIEW

■ "A bankruptcy court's determination that a proceeding should be dismissed is a legal conclusion subject to *de novo* review." *In re Burrell–Richardson*, 356 B.R. at 800 (citing *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 15 (1st Cir.2003)). The denial of a motion for relief from judgment is reviewed for abuse of discretion. *In re Shepherds Hill Dev. Co., LLC*, 316 B.R. at 414.

### DISCUSSION

Gonsalves argues that because our remand confined the bankruptcy court to consideration of the merits of his § 523(a)(3) count, it was error to expand its scope to include a request for dismissal based on timeliness. He contends that it was also error to dismiss his complaint for failure to file a response to the dismissal motion when he had, in fact, filed an objection. He lastly reiterates that his complaint was not time-barred. We agree.

■ On remand, a party may not raise issues that "it could and should have litigated on the original appeal. . . ." *United States v. Bryant*, 643 F.3d 28, 33 (1st Cir.2011) (citation omitted). With little exception, a court is required on remand to address only that which has been remanded. *See, e.g., Kotler v. Am. Tobacco Co.*, 981 F.2d 7, 13 (1st Cir.1992), *vacated on other grounds*, 505 U.S. 1215, 112 S.Ct. 3019, 120 L.Ed.2d 891 (1992); *Biggins v. Hazen Paper Co.*, 899 F.Supp. 809 (D.Mass.1995) (applying First Circuit remand precedent to district court); *Hermosilla v. Hermosilla (In re Hermosilla)*, 450 B.R. 276 (Bankr.D.Mass.2011) (recognizing lower court must follow the "the letter and [the] spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.") (quoting *U.S. v. Moored*, 38 F.3d 1419, 1421 (6th Cir.1994)), *aff'd In re Hermosilla*, No. MB 11–045, 2011 WL 6034487 (1st Cir. BAP Nov. 14, 2011), *aff'd In re Hermosilla*, No. 11–9008 (1st Cir. Sept. 24, 2012).

■ In Appeal I, we accepted the facts Gonsalves averred in his complaint as true and concluded that he had effectively alleged that Belice had used an incorrect address for him and, as a result, he had stated a plausible cause of action arising under § 523(a)(3). We remanded the matter for consideration of the merits of that

count. We had no reason to address the timeliness of the § 523(a)(3) claim because there is no pertinent filing deadline for it. As the remand was confined to consideration of the merits of the § 523(a)(3) count, the bankruptcy court's entertainment of a motion to dismiss based on timeliness violated the spirit, if not the letter of the remand, and was contrary to the law of the case.[7]

Thus, we must again reverse the order granting dismissal and remand the matter for consideration of the merits of Gonsalves' § 523(a)(3) claim.[8] On remand the bankruptcy court must determine the factual underpinnings of Gonsalves' allegations regarding the address Belice provided and the sufficiency of the notice thereby provided.[9]

### CONCLUSION

For the foregoing reasons, we **VACATE** and **REMAND** the orders for proceedings consistent with the instructions set forth herein.[10]

---

**7.** A motion to dismiss is confined to a review of the complaint's allegations in view of the substantive requirements that would entitle the plaintiff to relief. *Young v. Lepone*, 305 F.3d 1, 10–11 (1st Cir.2002). It can go no farther. After Appeal I, the sufficiency of Gonsalves' § 523(a)(3) claim had been raised, reviewed, and determined in his favor.

**8.** As a result, we need not proceed to the legal and factual issues regarding the denial of the motion for relief from judgment.

**9.** The nature of Gonsalves' claim is irrelevant because Gonsalves contends that he received

notice after both the deadline to file a complaint under § 523(a)(2) and the deadline to file a proof of claim. *See In re Sarapas*, 83 B.R. 195 (Bankr.D.Mass.1988) (explaining if creditor unable to show (2), (4), or (6) claim, inquiry under statute relates to whether creditor had timely notice of claim bar date).

**10.** We consider that, based upon Appeal I, the bankruptcy court has sufficient guidance to address the merits of the count and reserve further comment unless and until an appeal of the court's considered disposition after trial.