**In re TRAILS END LODGE, INC., d/b/a Sugarbush Associates Company, Debtor.**

**Bankruptcy No. 84–00120.**

United States Bankruptcy Court, D. Vermont.

Dec. 31, 1984.

Dorothy L. Helling, of Theriault & Joslin, P.C., Montpelier, Vt., for Elwyn F. Boitz and Robert C. Pacilli.

Robert J. Kurrle, Montpelier, Vt., for Robert C. Pacilli.

Joseph C. Palmisano, Barre, Vt., for debtor.

Robert B. Hemley and Dennis R. Pearson, of Gravel, Shea & Wright, Ltd., Burlington, Vt., for Sugarbush Valley, Inc.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Court has for consideration the following Motions for Stay Pursuant to § 105 of the Bankruptcy Code, viz:

1. By Elwyn F. Boitz and Robert C. Pacilli to stay proceedings against them as guarantors in the case of Sugarbush Valley, Inc., vs. Sugarbush Associates Co., Elwyn F. Boitz and Robert C. Pacilli, Consolidated Docket Nos. S 259–82 Wnc and S 208–82 Wnc, before the Vermont Supreme Court, filed October 4, 1984. This Motion is supported by an Affidavit of Elwyn F. Boitz filed October 23, 1984.

2. By Trails End Lodge, Inc. d/b/a Sugarbush Associates Co., Elwyn F. Boitz and Robert C. Pacilli, to have this Court specifically stay an Act 250 appeal before the Vermont Supreme Court styled In Re: Sugarbush Associates Co., Washington Superior Court, Docket No. S 47–83 Wnm, Vermont Supreme Court File No. 84–312, filed October 19, 1984.

3. By Elwyn Boitz to have the Court specifically stay a Complaint filed against him in the Rutland Superior Court styled *Chittenden Trust Company vs. Robert Pacilli, Elwyn Boitz, Emilio Ruberti and Noel Taylor,* dated September 27, 1984, filed November 5, 1984.

4. By Robert C. Pacilli to have the Court specifically stay:

A. A Complaint filed against him in the Rutland Superior Court styled *Chittenden Trust Company vs. Robert Pacilli, Elwyn Boitz, Emilio Ruberti and Noel Taylor,* dated September 27, 1984; and

B. *Sugarbush Valley, Inc., vs. Sugarbush Associates Co., Elwyn F. Boitz and Robert C. Pacilli,* Consolidated Docket Nos. S 259–82 Wnc and S 208–82 Wnc. (This Motion is supported by Affidavit of Robert Pacilli filed November 19, 1984.)

C. *In Re: Sugarbush Associates Co., Washington Superior Court,* Docket No. S 47–83 Wnm, Vermont Supreme Court file number 84–312;

filed on November 19, 1984.

Originally, Dorothy L. Helling, Esquire, of Theriault & Joslin, P.C., appeared for both Elwyn F. Boitz and Robert C. Pacilli, but on November 19, 1984, her appearance was substituted by that of Robert J. Kurrle, Esquire.

On November 19, 1984, a Stipulation executed by Sugarbush Associates Co.; by Elwyn F. Boitz and Robert C. Pacilli; by the Debtor, Sugarbush Associates Co.; by Sugarbush Valley, Inc.; and by the State of Vermont, by and through their respective attorneys, was filed with attachments.

This Stipulation was not executed by the Chittenden Trust Company, and it is incorporated herein by reference as binding the signatories to the Stipulation.

It is noteworthy that the debtor, Trails End Lodge, Inc., d/b/a Sugarbush Associates Co., joins in one of the foregoing motions and supports Boitz and Pacilli in the other motions. It is also noted that as to the first two motions enumerated under

paragraphs "1" and "2," supra, the movants are, in effect, requesting the Court to stay their own appeals.

Although the motions were set for hearing on two separate occasions, the movants failed to introduce any evidence in support of their motions. Accordingly, the Court must make a determination of the motions based upon the records in the case and the Stipulation filed.

## FACTUAL BACKGROUND

The Debtor, Trails End Lodge, Inc., d/b/a Sugarbush Associates Company, whose address is c/o Elwyn F. Boitz, Esquire, 66 Hamilton Street, Suite 103, Paterson, Passaic County, New Jersey 07505, has been engaged in the selling and leasing of condominiums since 1977. On July 13, 1984, it filed its Petition for Relief under Chapter 11 of the Bankruptcy Code listing total assets of $931,000.00 and liabilities of $850,529.25 comprised of secured indebtedness of $518,000.00 and unsecured claims of $332,529.25. The listed stockholders of the debtor corporation are Noel Taylor, Emilio Ruberti, and Elwyn Boitz, each owing one-third of the stock. They are also officers of the debtor corporation and they all reside in the state of New Jersey.

During 1979 the Debtor, Trails End Lodge, Inc., formed a general partnership with Pace Construction Company, Inc., and Sugarbush Associates Company for the construction of a two-phase condominium project on the side of a mountain at the Sugarbush Ski Resort area in Warren, Vermont, known as the Summit. Sugarbush Associates Company became the developer and proceeded to construct condominiums on land acquired by it from Trails End Lodge, Inc., and Sugarbush Valley, Inc., by deeds dated May 21, 1979 and April 13, 1981. Sugarbush Associates Co. became the successor developer of two condominium projects known as "Summit I" and "Summit II" originally subject to contracts executed by and between Sugarbush Valley, Inc., and Trails End Lodge, Inc., and pursuant to an option and contract of sale, Sugarbush Valley, Inc., conveyed to Sugarbush Associates Co. the land on which the condominiums were being constructed.

Sugarbush Associates Co. violated the terms of the agreement with the result that Sugarbush Valley, Inc., gave Sugarbush Associates Co. notice of erosion and other problems with respect to Summit I and as a result thereof, Sugarbush Valley, Inc., and Sugarbush Associates Co. entered into a Memorandum Agreement on August 24, 1981 under which certain changes, additions, alterations and improvements were incorporated into and amended as they pertained to the project plan, and Sugarbush Associates Co. obligated itself to complete certain additional items of work by October 1, 1981.

Sugarbush Associates Co. failed to comply with the terms of the August 24, 1981 agreement and as a result, Sugarbush Valley, Inc., commenced suit against Sugarbush Associates Co. in Washington Superior Court under Docket No. S411–81 WnC to enforce the August 24 agreement and seek its legal remedies thereunder. In addition, Sugarbush Valley, Inc., petitioned the Vermont Environmental Board to revoke Sugarbush Associate Co.'s Land Use Permits Nos. WO597 and WO522. Thereafter, on November 10, 1981, the parties, desiring to settle their differences amicably and without the need for further litigation, entered into another memorandum of agreement under which Sugarbush Associates Co. obligated itself to complete on or before June 15, 1982, work contemplated by the August 24 agreement and by all the plans and drawings prepared by the Architectural Association, and also to comply with such measures and requirements as imposed by the State of Vermont District Environmental Commission or any other agency or division of the State of Vermont on such dates as might be required by those bodies. This memorandum of agreement was executed by Sugarbush Valley, Inc., and by Sugarbush Associates Co. and, in addition, Elwyn F. Boitz and Robert C. Pacilli jointly and severally unconditionally guaranteed the complete and timely performance of each and every obligation and undertaking

of Sugarbush Associates Co. pursuant to this agreement.

Sugarbush Associates Co., as principal and Elwyn F. Boitz and Robert C. Pacilli as guarantors failed to carry out the terms of the agreement dated November 10, 1981 and as a result, in an action against them by Sugarbush Valley, Inc., in Washington Superior Court under Docket No. S208–82 WnC and Docket No. S259–82 WnC, the Court on May 23, 1984, entered money judgment in favor of Sugarbush Valley, Inc., against Sugarbush Associates Co., Elwyn F. Boitz and Robert C. Pacilli in the sum of $173,167.00 plus expenses of suit in the amount of $16,000.00 for breaches of contract 1984.

In its Opinion and Order, the Court carefully itemized the breaches committed by the defendants and the work which required performance setting money damages for each breach and fixing a time limit for performance of the work in a reasonable and workmanlike manner as an alternative for the payment of money damages for each item breached by the defendants. These dates have all expired, and the defendants have not performed.

Sugarbush Valley, Inc., instituted a collateral proceeding against Sugarbush Associates Co., et als., before the District Environmental Commission for failure to comply with environmental laws and regulations and, after hearing, the District Environmental Commission ordered Sugarbush Associates Co., et als., to remedy the deficiencies all as itemized in orders issued by the Commission. Sugarbush Associates Co., et als., took an appeal to the Washington Superior Court under Docket No. S47–83 WnC and on May 23, 1984, the Court issued an Opinion and Order confirming the Orders of the Commission.

On June 21, 1984, Sugarbush Associates Co., Elwyn F. Boitz and Robert C. Pacilli filed a Notice of Appeal to the Vermont Supreme Court from the Opinions and Orders of Washington Superior Court under Docket Nos. S208–82 WnC and S259–82 WnC.

On February 22, 1982, Robert Pacilli, Elwyn Boitz, Emilio Ruberti, and Noel Taylor executed and delivered to the Rutland Savings Bank six separate promissory notes each in the sum of $68,000.00 payable in installments with interest at the rate of 18.5%. On September 27, 1984, Chittenden Trust Company as plaintiff instituted suit against Robert Pacili, Elwyn Boitz, Emilio Roberti and Noel Taylor as defendants, in Rutland Superior Court alleging that the defendants are in default in the payment of the aforesaid notes, that the plaintiff has exercised its option to accelerate the entire indebtedness and that there are due and owing to the plaintiff, as assignee of Rutland Savings Bank, the sums of $72,241.03; $72,233.94; $72,233.94; $85,092.36; $85,254.29; and $89,719.50, respectively.

Chittenden Trust Company did also institute foreclosure proceedings against Sugarbush Associates Co. and Summit Homes (Stage II) Owners' Association in Washington Superior Court to foreclose mortgages it holds on condominiums known as Unit # 42, Summit Homes, Stage II, Warren, Vermont; Unit # 45, Summit Homes, Stage II, Warren, Vermont; and Unit # 48, Summit Homes, Stage II, Warren, Vermont, and on January 16, 1984, Washington Superior Court entered separate Judgment Orders of Foreclosure relating to Unit # 42, Unit # 45, and Unit # 48 with the period of redemption expiring on July 19, 1984. On August 10, 1984, Chittenden Trust Company filed its Application in this Court for an Order Approving Abandonment of the Summit Homes Condominiums known as Unit Nos. 42, 45 and 48, and this Application is still pending.

On November 30, 1984, the Debtor filed its Disclosure Statement with its Plan of Reorganization attached thereto, and a hearing on the Disclosure Statement has been scheduled for January 8, 1985.

## DISCUSSION

Boitz and Pacilli seek refuge under § 105(a) of the Bankruptcy Code by requesting this Court to issue an order enjoining their own appeals before the Ver-

mont Supreme Court from the Judgment Orders issued by the Washington Superior Court on May 23, 1984 against them and the Debtor and for an Order staying the continuation of an action filed by the Chittenden Trust Company in the Rutland Superior Court to enforce payment by them of the six promissory notes executed and delivered by them to Chittenden Trust Company and also by Ruberti and Taylor. In support of their requests for relief, Boitz and Pacilli argue that their specific obligations as guarantors have not been defined and will not be definable until such time as the Vermont Supreme Court is able to hear and make its decision; that their obligations are inextricably related to the financial status of the Debtor, Sugarbush Associates Co., and contingent upon the determination of the Bankruptcy Court and the ultimate determination of the Vermont Supreme Court; that if the proceedings are not stayed, Boitz and Pacilli as guarantors may experience irreparable harm if the Petition for Bankruptcy is not approved and the matter proceeds forward on appeal before the Vermont Supreme Court on the obligation of Sugarbush Associates following any prior decision on appeal regarding the movants/guarantors; that any determination prior to a resolution of the Bankruptcy Petition involving the underlying obligation of Pacilli or related thereto would affect the financial stature of the Debtor's estate.

The Affidavits of Elwyn F. Boitz and of Robert Pacilli in support of their Motion contain general statements relating to the results which may occur if they are required to make good on their guaranties and that there is a realistic and viable possibility that they may be called upon to raise money in support of the reorganization plan of Sugarbush Associates Co. They also swear that the orderly disposition of the matter requires that all of the successive steps required to maximize the proceeds available to all creditors and to satisfy Sugarbush Valley, Inc., ACT 250 COMMISSIONS AND THE CHITTENDEN TRUST COMPANY be processed through the Bankruptcy Court in the Chapter 11 proceedings. The Affidavits of Boitz and Pacilli fail to state specific facts concerning their financial situation which might tend to establish that they will suffer irreparable harm as guarantors if they are not granted the relief which they seek. For reasons stated below, their Motions should be denied.

Section 105(a) provides that the Bankruptcy Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. It is a major departure from prior law in that it is in no way circumscribed by possession or custody of a res. The basic purpose of the section is to enable the bankruptcy court to do whatever is necessary to aid its jurisdiction; i.e., anything arising in or relating to a bankruptcy case. This might affect third parties who pose a threat to the bankruptcy case, even if there is no res involved and no state court suit pending. 2 Collier 15th Ed. 105-3 § 105.02.

The legislative history and court decisions indicate that the actions and conduct excepted from the automatic stay may be subject to specific injunctive relief under § 105(a), and the bankruptcy courts will be required to render case by case decisions as to whether any particular action excepted from the automatic stay will result in sufficient harm or interference with the bankruptcy case to warrant the issuance of a specific injunction. 2 Collier 15th Ed. 105-6 § 105.02.

The issuance of such an injunction under section 105(a) is akin to a preliminary injunction and the test for determining whether a preliminary injunction should issue must be met. The Courts have adopted various tests. In the First and Eighth Circuits the party seeking such relief must establish that: (1) the plaintiff will suffer irreparable injury if the injunction is not granted; (2) the plaintiff has exhibited a likelihood of success on the merits; (3) the injury outweighs any harm which granting injunctive relief would inflict on the defendant; and (4) an injunction will not adversely affect the public interest.

*Auburn News Co., Inc. v. Providence Journal Co.* (1st Cir.) 659 F.2d 273, 277; *Dataphase Systems, Inc. v. C.L. Systems, Inc.,* (8th Cir.) 640 F.2d 109, 114.

In this Second Circuit the test for the issuance of a preliminary injunction is: (1) the possibility of irreparable harm if an injunction does not issue, and (2) the probability that the party seeking the preliminary relief will succeed on the merits. *Sanders v. Airline Pilots Association International* 473 F.2d 244, 248 (2d Cir.); *Dino DeLaurentiis Cinematografica S.P.A. v. D–150, Inc.* 366 F.2d 373, 375 (2d Cir.1966). *See also In Re Ackerman* (Bankr.S.D.N.Y.1983) 28 B.R. 509 where the test is expressed as follows:

"The standard in the Second Circuit for the issuance of a preliminary injunction requires movant to show

possible irreparable injury and either (1) probable success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation. and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. *Caulfield v. Board of Education of the City of New York,* 583 F.2d 605, 610 (2d Cir.1978); see *Jackson Dairy Co. v. H.P. Hood, Inc.* 596 F.2d 70, 72 (2d Cir.1979); *Friarton Estate Corp. v. City of New York,* 681 F.2d 150, 152 n. 2 (2d Cir. 1982)."

The court also deems it important to note the following comment by Justice Cardozo in *Landis v. North American Co.,* 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936) viz:

"the power to stay proceedings is coincidental to the power inherent in any court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."

And at page 254, 57 S.Ct. at page 166 Justice Cardozo counsels careful, if not reluctant use of the power thus:

"Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both

\* \* \* \* \* \*

"We must be on our guard against depriving the processes of justice of their suppleness of adaptation to varying conditions ... Even so, the burden of making out the justice and wisdom of a departure from the beaten track lay heavily on the petitioner, suppliants for relief, and discretion was abused if the stay was not kept within the bounds of moderation."

The track record of the movants make it abundantly clear that they have failed to meet even one of the factors necessary to afford them relief under § 105(a). Both as principals of the debtor corporation and as guarantors they have continually ignored their contractual obligations with Sugarbush Valley, Inc. and have failed to comply with the environmental laws and regulations prescribed by the District Environmental Commission. As to Chittenden Trust Company they have defaulted on their mortgage indebtedness with resulting foreclosure and the expiration of the period of foreclosure shortly before the debtor filed for chapter 11 relief. In addition they are in default on six promissory notes to Chittenden which are the subject matter of the bank's suit against them instituted on September 27, 1984. As to all of these matters they have offered no concrete evidence as to how they are going to succeed on the merits in the pending court proceedings. The court is convinced they will fail.

The debtor first breached its agreement with Sugarbush Valley, Inc. early in 1981 when the latter instituted suit against the debtor. In the spirit of cooperation Sugarbush Valley, Inc. exhibited its good faith by entering into a settlement agreement with the debtor on August 24, 1981 which the latter failed to carry out. Again Sugarbush Valley, Inc. cooperated by executing with the debtor another settlement agreement with the movants guaranteeing the

obligations assumed by the debtor. In this instance both the debtor and the movants failed to carry out their obligations with the result that it became necessary for Sugarbush Valley, Inc. to institute suit against them in 1982. After the lapse of almost two years the parties had their day in court resulting in the judgments of May 23, 1984 in favor of Sugarbush Valley, Inc. and an affirmance of the findings of the District Environmental Commission as to the deficiencies ordered to be remedies by the debtor and the movants. During all of this time the movants have ignored their obligations as well as their duty to comply with the judgment orders of the Washington Superior Court. Their strategy has been nothing more than a complete stall first by their appeal to the Vermont Supreme Court and now by seeking relief under § 105(a). They argue that it would be more expedient to have the bankruptcy court determine the issues in the framework of the pending reorganization proceeding. This court takes a dim view of the request which could only result in the relitigation of matters which have been clearly determined by a court of competent jurisdiction after giving full consideration to the rights of the parties.

The denial of relief to the movants under § 105(a) will not impair the ability of the bankruptcy court to determine the merit of the reorganization plan which has been submitted by the debtor. Its property is within the jurisdiction of this court and the responsibility of implementing the plan is clearly that of the debtor and not that of guarantors who up to the present time have not acted in any responsible manner.

In effect the movants would have the bankruptcy court hold Sugarbush Valley, Inc., the District Environmental Commission and Chittenden Trust Company at bay, suspended in mid-air, while they sit coyly by awaiting manna from heaven in the eternal hope that it will solve their self created financial difficulties. In sum, they are requesting this court to endow them with newly created rights. Even though § 105 does grant to the bankruptcy court broad powers to "issue any order, process, or judgment that is necessary to carry out the provisions of the Bankruptcy Code", it does not empower this court to fashion substantive rights out of thin air. *In Re Perry* (Bankr.D.Maryland—1982) 25 B.R. 817, 821. And regardless of the context in which the issue arises, the courts have consistently refused to exercise the power under § 105 to create or increase substantive rights. *Johnson v. First National Bank of Montevideo, Minn.* 719 F.2d 270, 274 (8th Cir.1983) citing *In Re Perry,* supra; *In Re Dunckle Associates, Inc.* (Bankr.E.D.Pa.1982) 19 B.R. 481, 485.

The court also considers the observation of Chief Justice Berger most appropriate when he said in *Lemon v. Kurtzman* 411 U.S. 192, 201, 93 S.Ct. 1463, 1469, 36 L.Ed.2d 151:

> "In equity, as nowhere else, courts eschew rigid absolutes and look to the practical realities and necessities inescapably involved in reconciling competing interests.... Moreover, equitable remedies are a special blend of what is necessary, what is fair and what is workable."

### ORDER

Upon the foregoing, IT IS ORDERED that all of the motions for stay under § 105(a) filed by Edwin F. Boitz and Robert C. Pacilli and by Trail End Lodge, Inc. d/b/a Sugarbush Associates Co., Elwyn F. Boitz and Robert C. Pacilli are hereby DENIED.