**In re TRAILS END LODGE, INC., d/b/a Sugarbush Associates Company, Debtor.**

**No. 84–120.**

United States Bankruptcy Court, D. Vermont.

July 29, 1985.
Reconsideration Denied Nov. 19, 1985.

Douglas C. Pierson, Burlington, Vt., for Sugarbush Valley, Inc.

Joseph C. Palmisano, Barre, Vt., for debtor.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The matter before the court is the objection of Sugarbush Valley, Inc. to confirma-

tion of the amended reorganization plan of Trails End Lodge, Inc.

Code Section 1129(a) provides in relevant part,

> The court shall confirm a plan only if ...
>
> (11) Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor ... unless such liquidation or reorganization is proposed in the plan.

Code Section 1129(a)(11) contains the feasibility standards for confirmation of a plan. The provision requires a determination by the court that implementation of a proposed plan reasonably would take place following confirmation. See House Report No. 595, 95th Cong., 1st Sess. 413 (1977); Senate Report No. 989, 95th Cong., 2d Sess. 128 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5914, 6369.

In view of the feasibility requirement imposed by Code Section 1129(a)(11), the debtor's amended reorganization plan is not susceptible of confirmation by the court. The debtor presented no evidence at hearing to establish that the plan is viable in keeping with the § 1129(a)(11) standards ingredient to confirmation. The records in the case, and the plan itself, counsel that implementation as provided in the plan reasonably would not take place following confirmation. Specifically, the plan is underfunded, visionary, impractical. *See In re Kors*, 13 B.R. 676, 680 (Bankr.D.Vt.1981) ("speculative" plan does not merit consideration by the court).

No infusion of fresh money working capital is provided for in the plan, when, historically, the debtor's disbursements have consistently exceeded revenues resulting in negative cash flow throughout this proceeding.

The asset sales contemplated to fund the plan would have to occur within the near future and yield top dollar in order for implementation of the plan to take place. During the pendency of this proceeding, the debtor has demonstrated its inability to sell the contemplated assets in the current market. The debtor has established no basis on which the court reasonably may find that the debtor, to fund the plan, is positioned to sell soon and at a premium the very assets it has been unable to dispose of for less than top dollar during the course of this proceeding.

The plan contemplates that the debtor will remedy for $40,000 or less certain environmental engineering defects concerning which, prepetition, a money judgment issued against the debtor for $178,000. However, the debtor has established no basis on which the court reasonably may find that the debtor is positioned to correct the environmental engineering for $40,000 so as to realize the plan.

The court cannot confirm the debtor's reorganization plan for the reason that the plan does not appear feasible.

### ORDER

NOW, THEREFORE, upon the foregoing, it is ordered that the objection of Sugarbush Valley, Inc. to confirmation of the third amended plan of reorganization of Trails End Lodge, Inc., is SUSTAINED.